**UNITED STATES of America**
**v.**
**Othell CAMPBELL.**
**Crim. No. 66–439.**
United States District Court
D. South Carolina,
Greenville Division.
May 9, 1967.

See also D.C., 275 F.Supp. 7.

Robert O. DuPre, Asst. U. S. Atty. for Western Dist. of South Carolina, Greenville, S. C., for the United States.

Sol E. Abrams, Greenville, S. C., for Othell Campbell.

## ORDER

MARTIN, Chief Judge.

This is a motion to suppress the evidence, and all testimony concerning said evidence, seized by agents of the Alcohol and Tobacco Tax Division of the Internal Revenue Service on the night of October 10, 1966. After a full evidentiary showing, the Court finds the following facts to exist.

Receiving reliable information that Campbell was to purchase illegal liquor at his residence, and knowing that Campbell had a prior record for Liquor Law violations, the agents in question without a search or an arrest warrant, entered upon Campbell's property and staked themselves out in a cultivated corn field approximately fifty (50) feet in front of Campbell's dwelling house. The corn field was separated from the house by a private drive.

An automobile drove onto the Campbell property and parked near the agents' location. After a rather lengthy conversation with the driver of the car in Campbell's house, at which time the agents testified they thought there had been an exchange of money, Campbell and the driver went to the parked car, opened the trunk of the car and were inspecting the contents of a syrup jar removed by Campbell from the trunk when the agents made their presence known, arrested Campbell, and seized the contents of the trunk.

The Court concludes that the seizure of the contents of the trunk is legal if made pursuant to a legal arrest. Whether the arrest is legal depends upon whether this arrest violated the Fourth Amendment to the United States Constitution which creates the "right of people to be secure in their persons, houses, papers, and effects * * *." Both parties have submitted briefs on this issue.

Campbell argues that the protection of the Fourth Amendment includes what is referred to as one's curtilage; and that the arrest and seizure without a warrant were, therefore, illegal.

However, as held by the United States Supreme Court "the special protection accorded by the Fourth Amendment to people in their 'persons, houses, papers, and effects,' is not extended to open fields. * * *" Thus in Hester v. United States, 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed. 898 (1924), the Supreme Court held that even a trespass on the defendant's land near a building within the curtilage does not in and of itself render a search without a warrant, but based upon activities within open view, illegal.

The Court finds this principle applicable to this case and concludes that even though the agents were technical trespassers, their actions, based upon what occurred in open view, did not vio-

late the Fourth Amendment and the arrest and seizure pursuant thereto were legal. For similar results see: United States v. Young, 322 F.2d 443 (4th Cir. 1963); Janney v. United States, 206 F.2d 601 (4th Cir. 1953); United States v. Hayden, 140 F.Supp. 429 (D.Md. 1956). Accordingly.

It is ordered that the motion to suppress is hereby denied.

