**UNITED STATES of America**
v.
**Othell CAMPBELL.**
**Crim. No. 66–439.**

United States District Court
D. South Carolina,
Greenville Division.
June 21, 1967.

See also D.C., 275 F.Supp. 5.

Robert O. DuPre, Asst. U. S. Atty., for Western Dist. of South Carolina, Greenville, S. C., for the United States.

Sol E. Abrams, Greenville, S. C., for Othell Campbell.

### ORDER

HEMPHILL, District Judge.

Defendant, through counsel, and by word of mouth when examined by the court, asked to waive trial by jury. The court approved, counsel for the government consented,[1] and he executed written waiver in open court. The court was requested to find the facts specially as provided by Rule 23(c) F.R.Cr.Proc.

Defendant later moved to suppress certain evidence under Rule 41(e), F.R.Cr. Proc. in the following language:

Othell Campbell hereby moves this Court to direct that any property seized on the night of the 10th day of October, 1966, at his premises about two miles north of the City of Greer, County of Greenville, State of South Carolina, and in the Western District of South Carolina, was unlawfully seized and taken by two or more agents of the Alcohol and Tobacco Tax Division of the Internal Revenue Service of the United States, whose true names are unknown to the defendant, and that it be suppressed as evidence against him in any criminal proceeding.

The said Othell Campbell further moves this court to direct that said agents of the United States be restrained by this Court from testifying to the existence, character, possession of and other facts about the suppressed evidence.

The defendant further states that the property was seized against his will and without a search warrant, (as more fully shown by the affidavit of Othell Campbell attached hereto as Exhibit A.).

Supporting the motion was his affidavit of April 12, 1967 in which defendant averred:

Your affiant, Othell Campbell, having first been duly sworn, deposes as follows:

1. He is the same Othell Campbell who is the defendant in the above entitled case, which is for possession of illegal whiskey and other violations of the United States Liquor Laws.

2. On the 10th day of October, 1966, about 7:00 o'clock p. m., two or more agents of the United States Government came about, upon and within the affiant's yard and curtilage, located near Greer, in the County of Greenville, State of South Carolina, this property constituting the affiant's residence, and owned by him in fee simple.

3. At the time said officers were in, about and upon affiant's yard and curtilage, they had no warrant for your affiant's arrest and no search warrant, with respect to your affiant's premises.

4. Your affiant is informed and believes they went upon and within your affiant's yard and curtilage for the purpose of spying upon your affiant, of discovering him in some illegal act and of discovering physical evidence to be used against your affiant.

5. That while in and upon your affiant's yard and curtilage, the said officers did discover and seize certain unstamped whiskey and one 1956 Chevrolet automobile, as a result of said unlawfully obtained evidence, your affiant has been indicted and charged with violation of certain United States Laws relating to alcoholic beverages.

6. Your affiant is entitled to have said physical evidence suppressed and to have all persons having knowledge of said evidence, including said of-

1. Rule 23(a), Federal Rules of Criminal Procedure.

ficers and agents restrained and enjoined from testifying concerning the same against your affiant.

It appears that the motion to suppress had been presented to the Chief Judge of this court who, on May 9, 1967 published an order, D.C., 275 F.Supp. 5, denying the motion. In an abundance of precaution the court allowed a renewal of the motion, heard arguments, and referred to cases cited by counsel pro and con.

From the credible evidence before it the court makes the following

### FINDINGS OF FACT

On or about October 19, 1966, near Greer, in Greensville County, South Carolina ATU agent R. Echerd and SLED agent Armstrong left the public highway near the residence of defendant, crossed a barbed wire fence and entered a cornfield a short distance from defendant's home. The cornfield was adjacent to defendant's yard or "grass", and the officers concealed themselves in the cornfield in a position which allowed them full view of a part of the home and yard. At approximately 6:55 p. m. o'clock they observed a black Tudor 1956 model Chevrolet automobile. A male got out of the Chevrolet and entered the house by porch and side door in full view of the officers.

Some time later the driver came out of the side door in the company of Campbell and another man. A bright light in the adjacent room helped visibility. On the porch defendant reached in his hip pocket and emptied something which one witness described as having the appearance of papers of the size and form of greenbacks. He then counted them out to the driver. Next the three men went to the Chevrolet, raised the trunk, and, as one held a flashlight, defendant removed a jug and shook it and examined the "bead".[2] As he reexamined the jug, the officers came from the cornfield and agent Armstrong apprehended the defendant. The driver and another person fled by foot. Upon examination, the jug Campbell had was found to contain a gallon of moonshine whiskey with no tax stamps on it. The total cache in the car was 23 gallons, all without stamps.

The officers had considerable information pointing to the defendant's involvement. They were familiar with the car, which had long had the same license No. DB 6677. The court finds the officers had sufficient reliable information and proximate cause for making the arrest.

The court finds that the facts are sufficient to prove defendant's guilt of the crime as charged[3] beyond a reasonable doubt.

2. The bead is the ring of bubble-like substance that appears on the upper part of bottled whiskey after same is shaken. In the liquor trade knowledgeable persons are supposed to be able to determine the alcoholic strength, or proof, therefrom.

3. 26 U.S.C. 5205(a)(2) provides: Containers of other distilled spirits.—No person shall transport, possess, buy, sell, or transfer any distilled spirits, unless the immediate container thereof is stamped by a stamp evidencing the determination of the tax or indicating compliance with the provisions of this chapter. The provisions of this paragraph shall not apply to—

    (A) distilled spirits, lawfully withdrawn from bond, placed in containers for immediate consumption on the premises or for preparation for such consumption;

    (B) distilled spirits in bond or in customs custody;

    (C) distilled spirits, lawfully withdrawn from bond, in immediate containers stamped under other provisions of internal revenue or customs law or regulations issued pursuant thereto;

    (D) distilled spirits, lawfully withdrawn from bond, in actual process of rectification, blending, or bottling, or in actual use in processes of manufacture;

    (E) distilled spirits on which no internal revenue tax is required to be paid;

    (F) distilled spirits lawfully withdrawn from bond and not intended for sale or for use in the manufacture of production of any article intended for sale; or

    (G) any regularly established common carrier receiving, transporting, delivering, or holding for transportation or delivery distilled spirits in the ordinary

### CONCLUSIONS OF LAW

Defendant is guilty of violation of the statute under which he is charged.[4]

This court refuses the motion to suppress and adopts the decision and reasoning of Chief Judge J. Robert Martin rendered on the original motion. The hearing by this court of additional argument was given in order that no right of the defendant to be heard might be denied him. Moreover, the rule states: "but the court in its discretion may entertain the motion at the trial or hearing."

Defendant's counsel relies on United States v. Mullin, 329 F.2d 295 (4th Cir. 1964), which involved an unauthorized breaking. The facts here are distinguishable, and the court finds the decisions of United States v. Young, 322 F.2d 443 (4th Cir. 1963), and Janney v. United States, 206 F.2d 601 (4th Cir. 1953) are applicable. It is significant that Campbell's possession of the whiskey took place in the yard, in the open.

 It seems universally held that the activity of a defendant which is conducted in the open and in plain view does not receive Fourth Amendment protection, Ellison v. United States, 93 U.S. App.D.C. 1, 206 F.2d 476 (D.C.Cir. 1953), even though it might take place within the defendant's curtilage, and be observed by agents positioned on defendant's land without a warrant, United States v. Carter, 118 F.Supp. 559 (D.C. Pa.1954). Some courts have permitted the search of an enclosed outbuilding without a warrant, if it has been determined to be without the curtilage. United States v. Riggi, 256 F.2d 57 (3rd Cir. 1958). It is immaterial, in any event, that the point from which an agent observed, might happen to be upon the defendant's premises, United States v. Williams, 227 F.2d 149 (4th Cir. 1958).

*Young,* supra, is in full accord with these decisions and, arguably, goes one step further, in allowing agents to observe within buildings when appertures thereto readily permit such, despite the fact that agents are technical trespassers on the premises. See also United States v. Carter, 118 F.Supp. 559 (D.C.Pa.1954).

The motion to suppress is again refused.

The Clerk will enter a Verdict of Guilty by finding of the court.

Defendant will present himself for sentencing before this court at Greenville, S. C. at 2:30 p. m. o'clock on Thursday, June 22, 1967.

Defendant is advised of the provisions of Rule 37, Federal Rules of Criminal Procedure, which advises that "an appeal from a district court to a court of appeals is taken by filing a notice of appeal in the district court within the time provided [hereafter];" and that "The notice of appeal by a defendant shall be filed within 10 days after entry of the judgment or order appealed from." Defendant is advised that the ten days commences to run from the day of entry of the Clerk's judgment hereon, excludes the day of filing, and includes the tenth day thereafter.

And it is so ordered.

---

course of its business as a common carrier.

