**Bryant Piledge LONG, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 24224.

United States Court of Appeals Fifth Circuit.

Nov. 10, 1967.

Certiorari Denied March 4, 1968.

See 88 S.Ct. 1044.

**378**

Carl E. Maye, McKee & Maye, Opelika, Ala., for appellant.

Ben Hardeman, U. S. Atty., Montgomery, Ala., for appellee.

Before JONES, WISDOM and DYER, Circuit Judges.

PER CURIAM:

The defendant-appellant, Bryant Long, was convicted for unlawfully selling seven gallons of whiskey in unstamped containers, in violation of 26 U.S.C. § 5604 (a) (1). The United States introduced, over the defendant's objections, evidence of conversations between Long and a government agent obtained through the use of electronic transmitting and receiving devices. A microphone strapped to the agent transmitted the conversations to other agents. Long contends that the use of electronic eavesdropping devices is unconstitutional and that evidence resulting from such devices is inadmissible.

There is no merit to Long's contention. Lopez v. United States, 1963, 373 U.S. 427, 83 S.Ct. 1381, 10 L.Ed.2d 462; On Lee v. United States, 1952, 343 U.S. 747,

72 S.Ct. 967, 96 L.Ed. 1270; Goldman v. United States, 1942, 316 U.S. 129, 62 S. Ct. 993, 86 L.Ed. 1322; Olmstead v. United States, 1928, 277 U.S. 438, 48 S.Ct. 564, 72 L.Ed. 944; and Beatty v. United States, 5 Cir. 1967, 377 F.2d 181. In Silverman v. United States, 1961, 365 U.S. 505, 81 S.Ct. 679, 5 L.Ed.2d 734, the Supreme Court explicitly pointed out that *On Lee, Goldman,* and *Olmstead* were still applicable except where "the eavesdropping was accomplished by means of an unauthorized physical penetration into the premises occupied by the petitioners". See also Katz v. United States, 9 Cir. 1967, 369 F.2d 130, cert. granted, 386 U. S. 954, 87 S.Ct. 1021, 18 L.Ed.2d 102. No physical "intrusion" or "penetration" was involved in this case. See Jones v. United States, 5 Cir. 1964, 339 F.2d 419.

The judgment is affirmed.[1]

---

1. After entry but before publication of the above opinion in this case the Supreme Court reversed Katz v. United States, holding that the "trespass" doctrine enunciated in *Olmstead* and *Goldman* "can no longer be regarded as controlling." 389 U.S. 347, 353, 88 S.Ct. 507, 512, 19 L.Ed.2d 576, 583 (Dec. 18, 1967). *Lopez* and Osborn v. United States, 1967, 385 U.S. 323, 87 S.Ct. 429, 17 L.Ed.2d 394, involving tape recordings of incriminating conversation where the parties recording the conversations were agents for the government, are still viable, however. So also are *On Lee,* a case factually almost identical to the case before us, and Hester v. United States, 1924, 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed. 898, similar to this case but involving no electronic device. On the basis of these decisions our judgment affirming Long's conviction must stand.