STATE of Missouri, Respondent,

v.

Cecil Howard FIERGE, Appellant.

No. 47243.

Missouri Court of Appeals, Eastern District, Northern Division.

July 17, 1984.

Bear, Hines, & Thomas, David V. Bear, Columbia, for appellant.

John Ashcroft, Atty. Gen., Bruce Farmer, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Presiding Judge.

Appellant Cecil Howard Fierge was found guilty by a jury of possession of marijuana in violation of § 195.020 RSMo Supp.1983. Appellant was sentenced to three years' imprisonment pursuant to the jury's verdict. We affirm.

On August 20, 1982, an airplane flew over portions of Audrain County taking photographs in search of marijuana patches. Appellant's 200-acre farm was included in the photographs. Five days later, another flyover took place, this time in a helicopter. From an altitude of 500 to 800 feet, marijuana plants were positively identified on appellant's property. The helicopter instructed highway patrol personnel and members of the Audrain County Sheriff's Office on the ground to arrest appellant, who was seen roaming around the farm. The helicopter then descended to about 100 to 150 feet above the ground to take photographs of the marijuana patch. The patch was located 180 feet north of appellant's house in back of the shed. The shed is the outermost building on appellant's property. The shed was not used for domestic purposes. There is no evidence that the marijuana patch was enclosed by a fence.

The case at bar presents an issue of first impression in Missouri: to what extent does the fourth amendment apply to evidence discovered by aerial observation? Appellant contends that his reasonable expectation of privacy was violated as a result of the helicopter entering the curtilage of appellant. As such, he contends the trial court judge erred by overruling appellant's motion to suppress, motions for acquittal, and motion for a new trial. A review of the evidence reveals the following: The marijuana patch that was seen from the air was located behind the shed. The shed is the outermost building from the house on appellant's property. The marijuana patch was 180 feet from the house. We must decide whether or not the marijuana patch was within the curtilage. If we find that the patch is within the curtilage, then fourth amendment protections should be invoked. *State v. Stavricos*, 506 S.W.2d 51, 57 (Mo.App.1974).

The curtilage includes all outbuildings used in connection with the residence, such as garages, sheds, barns, yards, and lots connected with or in the close vicinity of the residence. *State v. Simpson*, 639 S.W.2d 230, 232 (Mo.App. 1982). Open fields separated from buildings by a distance of ¼ to ½ mile have been held not to constitute part of the curtilage. *McDowell v. United States*, 383 F.2d 599, 603 (8th Cir.1967). We will not address the question of how many feet away from a farm house constitutes the curtilage; such a standard would be unrealistic. The standard we do adopt, however, is one adopted by the court in *United States v. Williams*, 581 F.2d 451, 454 (5th Cir.1978), cert. denied, 440 U.S. 972, 99 S.Ct. 1537, 59 L.Ed.2d 789 (1979), "the outer limits of the curtilage are defined by the walls of the remote outbuildings." This test was adopted by the 11th Circuit, as well, in *United States v. Berrong*, 712 F.2d 1370, 1374 (11th Cir.1983). Applying the above test to the facts in the case at bar reveals that the marijuana patch was not within

the definition of curtilage such as to envelop it with fourth amendment protections.

Since the marijuana patch was not within the curtilage, it was in an open field. It has been consistently held that the guarantee against unreasonable searches and seizures does not extend to open fields. *State v. Simpson,* supra at 232. "The special protection accorded by the fourth amendment to the people in their persons, houses, papers, and effects is not extended to open fields. The distinction between the latter and the house is as old as common law." *Hester v. United States,* 265 U.S. 57, 59, 44 S.Ct. 445, 446, 68 L.Ed. 898 (1924).

There being no fourth amendment protection for open fields, we find the trial judge did not err in overruling appellant's motions.

The judgment is affirmed.

REINHARD and CRIST, JJ., concur.