**STATE of Missouri, Plaintiff-Respondent,**

v.

**Mark Bailey SEATON, Defendant-Appellant.**

**No. 13333.**

Missouri Court of Appeals, Southern District, Division One.

Oct. 23, 1984.

---

John D. Ashcroft, Atty. Gen., Dan Crawford, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Michael Baker, Springfield, for defendant-appellant.

TITUS, Presiding Judge.

Defendant was court-tried and convicted of manufacturing marijuana as denounced by Ch. 195, RSMo 1978. He was sentenced to imprisonment for a term of five years and appealed.

Per instructions from the Sheriff of Barry County, a deputy flew over several designated areas and espied marijuana growing on a farm owned by one Jenkins and where defendant was living at the time. A search warrant, later found by the court nisi to be illegal, was obtained and officers went to the farm. To gain entry, the officers had to cut a chain on the locked gate and ignore "no trespassing" and "beware of dog" signs on the gate. Defendant et al were found in the farmhouse. Five patches of marijuana were found on the farm containing 1,129 plants. These patches were not visible from either the public road or the residence. The nearest patch was located 100–150 yards from the house and all patches were surrounded by woods making them invisible from both the road and the residence. Numerous items were seized from the farm in addition to the marijuana plants. At the conclusion of the evidence, most of which was stipulated, the court sustained defendant's motion to quash and suppress all items seized by the state under the search warrant save the samples from marijuana plants taken from the five field patches.

Defendant's lone point relied on is that the trial court erred in admitting into evidence the samples of the marijuana seized from the five field patches because they were obtained under an unlawful search warrant in violation of defendant's right to privacy under the provisions of the Fourth and Fourteenth amendments to the Constitution of the United States and Art. I, § 15 of the Constitution of the state of Missouri. The "open fields" doctrine permits police officers to enter and search a field without a warrant. Mr. Justice Holmes in *Hester v. United States*, 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed. 898 (1924), explained that "[T]he special protection accorded by the 4th Amendment to the people in their 'persons, houses, papers, and effects' is not extended to the open fields." The Supreme Court in *Oliver v. United States*, 466 U.S. ——, 104 S.Ct. 1735, 80 L.Ed.2d 214 (1984), reaffirmed that the government's intrusion upon open fields is not one of those unreasonable searches proscribed by the Fourth Amendment which preserves "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." See, also, *State v. Simpson*, 639 S.W.2d 230 (Mo.App.1982).

Judgment affirmed.

FLANIGAN and GREENE, JJ., concur.