STATE of Missouri,
Plaintiff-Respondent,

v.

Richard Lee McBURNEY,
Defendant-Appellant.

No. 13729.

Missouri Court of Appeals,
Southern District,
Division One.

May 3, 1985.

William L. Webster, Atty. Gen., Thomas Carter, II, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Devon F. Sherwood, Springfield, for defendant-appellant.

TITUS, Presiding Judge.

Defendant was court-tried and convicted of "growing and cultivating marihuana" in violation of § 195.020, V.A.M.S., and was sentenced to imprisonment for a term of four years. This appeal ensued.

Trial herein, per agreement, was had on written stipulations of facts and abbreviated testimony and demonstrated the following. The sheriff received information marihuana was growing on defendant's rural property. On October 12, 1983, sans a search warrant, two deputies went to defendant's 660′ × 1320′ tract on foot. The deputies walked about 250 feet onto defendant's property before they found cultivated growing marihuana plants. These plants, not growing within the curtilage, were not visible from any place outside of defendant's property because of undergrowth and trees. After lying in wait for half an hour, the deputies saw defendant and another come into the area where the plants were growing and start stripping leaves from the contraband vegetation. The deputies emerged from hiding, arrested defendant and his companion and advised them of their *Miranda* rights. After being told his rights, defendant stated that the 86 plants already located by the deputies constituted all the marihuana growing on his property and that the plants were not being grown for sale.

In substance, defendant's position is that a secluded section of one's property should be given the same constitutional rights of privacy as is afforded one's home and curtilage. Defendant, by so urging, is asking us to overturn the open fields doctrine which exception to constitutional rights applies even where a civil trespass, as here, is involved. The open fields doctrine is still a viable concept and is applicable here. *Oliver v. United States,* —— U.S. ——, 104 S.Ct. 1735, 80 L.Ed.2d 214 (1984); *State v. Seaton,* 679 S.W.2d 908 (Mo.App.1984); *State v. Simpson,* 639 S.W.2d 230 (Mo.App. 1982); and authorities cited therein.

Judgment affirmed.

FLANIGAN and GREENE, JJ., concur.