UNITED STATES, Plff.,

*v.*

JESUS HENRIQUEZ RIVERA AND FRANCISCO APONTE LUCHETTI, Dfts.

San Juan, Criminal, No. 3195.

Opinion filed June 6, 1924.

*Mr. John L. Gay,* United States District Attorney, for the United States.

*Mr. R. Castro Fernandez* and *Mr. B. F. Sanchez* for the defendants.

ODLIN, Judge, delivered the following opinion:

After the defendants, who were charged with a double violation of the national prohibitory law, for both unlawful possession and unlawful transportation, had been convicted of unlawful possession only, their counsel filed on May 20, 1924, a motion for an acquittal, notwithstanding the verdict. This motion purports to be verified by one of the defendants, but an inspection of the motion shows that neither of the defendants signed it, the only signatures being those of the counsel. Whether this failure to verify the motion was intentional or accidental, this court has no knowledge, and this court also does not pretend to say that the misstatement in § 3 of the motion was intentional, because it may very well be due to a lack of memory on the part of counsel who prepared the motion. At all events, § 3 of this motion does set forth and allege that the undersigned judge at the close of the trial instructed the jury to the effect and in substance that there could be no lawful possession of intoxicating liquor in an automobile; and that if the jury believed that the automobile was not in motion while the liquor was placed therein, the jury could bring in a verdict of guilty as to possession only. Now, this statement is entirely incorrect. This court told the jury that there could be lawful possession of intoxicating liquor in an automobile, but that the

burden of proof was upon the person asserting such lawful possession to show a permit. Of course there is no claim of any permit in the present case. The jury were told that if they believed that the car was not in motion at any time while the liquor was placed therein, the defendants could not be found guilty of transportation.

As a matter of fact, the evidence was overwhelming to the effect that these defendants were guilty of unlawful transportation and unlawful possession both. There was a little evidence tending to show that the liquor which was in the automobile was placed there after the automobile had left the public thoroughfare and had entered the yard surrounding the dwelling house of one of the accused. Of course this court does not pretend to exercise any power in the nature of an X-ray to penetrate the minds of jurors, but the outcome of this case makes it very apparent, that, while the jury were not inclined to go so far as to acquit these defendants of both counts, they agreed upon a compromise verdict which would avoid the forfeiture of the automobile, but would subject the defendants to a fine for possession only.

One of the grounds of this motion is that if the court had not given the instructions as alleged by counsel for the defendants, the jury in all probability would have found the defendants not guilty with regard to possession as well as not guilty with regard to transportation. The answer to this is two fold. First, that the court did not charge the jury as stated; and second, that this court cannot deal with probabilities as to what a jury would have done in the matter of finding a verdict, even if the court delivered the charge which the counsel for the defendants say that the court delivered.

One of the grounds of this motion is that the court·erred in its charge to the jury because there can be legal possession of liquor in an automobile that is not in motion and that is inside an inclosure surrounding a private residence of the person who is in possession of the automobile, and of the liquor. This statement is what is known as a half truth. There can be legal possession of liquor in an automobile that is standing still, provided the person who places the liquor in said automobile is in lawful possession of the liquor and has a permit to move it. As above stated, there is no evidence whatever of any permit. In making this statement of the law, of course I am not overlooking the fact that one person wishing to do injury to another person may place liquor surreptitiously in the automobile of the latter. When an act of this kind is done, of course the party owning the automobile, when he finds the liquor there, sometimes retains possession of it and sometimes gets rid of it. In the former case he becomes guilty the moment that he deliberately takes possession of that liquor for his own use and retains it; in the latter case, where he seeks to get rid of it by notifying the authorities of the law or by destroying it, he of course is not guilty.

Assuming, as we must assume, that the jury in the present case found that the automobile came down the public street empty instead of full of liquor, and that the liquor was placed in the automobile after the machine entered the yard where the officers found it, it does not necessarily follow that a search warrant was necessary to make the seizure of this liquor legal. Counsel for the defendants argue that because the defendants were acquitted of transportation the conclusion must follow that these defendants could not be properly convicted of illegal pos-

·session, because the possession of the liquor and the transportation thereof were parts of the same transaction. In other words, in § 8 of the motion they virtually admit the act of transportation, in spite of the fact that the jury acquitted their clients of that offense. This court is of the opinion that under the circumstances of this case a search warrant was not necessary, and I base this ruling very largely upon a recent opinion of the Supreme Court of the United States, [265 U. S. 57, 68 L. ed. 898, 44 Sup. Ct. Rep. 445] which was delivered on May 5, 1924, in the case of Hester v. United States. This case was carried to the Supreme Court of the United States upon a writ of error from the United States district court for the western district of South Carolina. It involved the question of the construction and meaning of the 4th Amendment to the Federal Constitution, prohibiting unreasonable search and seizure. The accused man was arrested without any warrant upon the open fields of his farm where he had thrown away a container of liquor in an attempt to escape from the officers of the law. It appears from the newspaper account of this decision, which is the only one available at this time, that the trial court admitted the evidence of the liquor seized when the arrest was made. Counsel for Hester contended that this evidence was inadmissible, and that its introduction in evidence violated the 4th Amendment. The Supreme Court sustained the ruling of the district judge and stated that the term "houses," as used in the 4th Amendment, had never been held even at common law to include the open fields surrounding a dwelling house.

Hence it is clear that when the officers of the law in the case now under consideration had reason to believe that this

automobile was. engaged in the unlawful transportation of liquor, and were unable to stop its progress and seize the machine before it entered the yard of the .defendants, they had a perfect right to enter and make the seizure of the liquor when they found it in the automobile inside the yard but not in motion.

Hence the present motion of the defendants for an acquittal notwithstanding the verdict must be denied, and it is so ordered.

To this ruling counsel for the defendants except.

Done and Ordered in open court at San Juan, Porto Rico, this 6th day of June, 1924.