**UNITED STATES of America,
Plaintiff,**

v.

**Julius SILVERMAN, Robert L. Martin, and Meyer Schwartz, Defendants.**

Crim. No. 730-58.

United States District Court
District of Columbia.

Oct. 24, 1958.

Oliver Gasch, U. S. Atty., and Thomas A. Flannery, Asst. U. S. Atty., Washington, D. C., for plaintiff.

Edward Bennett Williams and Myron G. Ehrlich, Washington, D. C., for defendants.

HOLTZOFF, District Judge.

The defendants are under indictment for violations of the gambling statutes of the District of Columbia. The matter is before the Court at this time on the defendants' motion to suppress certain evidence obtained by police officers as a result of a search and seizure in connection with this case. This search and seizure was admittedly made pursuant to a search warrant.

The basis of the motion is two-fold: first, that the affidavit on the basis of which the search warrant was issued, was insufficient, in that the information set forth therein was obtained in violation of the Constitution and the Laws of the United States; second, that the search warrant was unlawfully executed.

Taking up these two grounds separately, the manner in which the facts set forth in the affidavit which led to the issuance of the search warrant, were secured is not in dispute. By permission of the owner police officers obtained entrance to a portion of the premises which adjoined the searched premises and attached an electronic device to the inside wall of the adjoining premises with a wire projecting about six or eight inches into the party wall between the two houses. By means of this electronic device, the officers were able to overhear conversations that went on in the suspected premises. These conversations were made the basis of the affidavit in question. It is urged that the action of the police officers was violative of the

Fourth Amendment, as well as of the statute relating to interception of communications. Each of these two grounds will be separately considered.

■■■ The provisions of the Fourth Amendment relating to search and seizure are limited to physical searches and seizures of objects. This has been continuously held by the Supreme Court. Thus, in Olmstead v. United States, 277 U.S. 438, 464, 48 S.Ct. 564, 72 L.Ed. 944, the Court laid down the general proposition that, if evidence is obtained by the use of sense of hearing and that only, and there is no entry into the house or office of the defendant, there is no unlawful search and seizure. The Olmstead case applied this principle to what is known as wire tapping, that is, physically connecting a telephone instrument with wires, over which telephone messages are carried. It was held that such an activity is not a violation of the Fourth Amendment. The Olmstead case is law today.

It was followed in the case of Goldman v. United States, 316 U.S. 129, 135, 62 S.Ct. 993, 86 L.Ed. 1322, where the general principle was applied to a situation in which, as in this case, an electronic instrument was attached to a wall in adjacent premises and by this means conversations going on within the suspected premises were overheard. It was held that this did not constitute a violation of the Fourth Amendment. The Olmstead case was cited with approval in On Lee v. United States, 343 U.S. 747, 751, 72 S.Ct. 967, 96 L.Ed. 1270.

In determining what principles of law have been enunciated in judicial opinions, it is, of course, well settled that consideration must not be given to everything that was said, but only to what was actually held. The ruling of a Court must be determined by reference to the factual situation. Everything else is dicta and not binding. This was emphatically indicated by Chief Justice Marshall many years ago in the case of Cohens v. Commonwealth of Virginia, 6 Wheat. 264, 399, 5 L.Ed. 257. It would not do, as counsel suggests, for the Court to speculate on what at some future time the Supreme Court might decide in the light of changes of personnel, and in the light of various remarks of individual members of the Court in different cases. This exercise might be interesting for the author of an article in a legal periodical, but it would be inappropriate for a Court in deciding actual controversies. Such speculation might perhaps lead to a chaotic situation, since different judges might reach different results by this means. This Court is bound to follow the rules of law as formulated by the Supreme Court, as they now stand.

The rules of law governing the interpretation of the provisions of the Fourth Amendment relating to search and seizure are derived from the philosophy and the history of that Amendment. In the mass of decisions, some of them dealing with finespun distinctions, that have come from numerous Courts in recent years on the law of search and seizure, we are likely to lose sight of the forest for the trees. Sometimes, the real purpose of the Founding Fathers is lost sight of. The history of the Fourth Amendment shows that it was based on the famous decision of Lord Camden, as well as the experience of the colonies in connection with writs of assistance and was intended to bar exploratory domiciliary searches that were obviously oppressive and savored of tyranny. It was not intended to lead to minor distinctions between various types of searches and seizures, and place some on one side of the line and some on the other.

Be that as it may, however, the state of the law today, so far as Supreme Court decisions are concerned, is that the constitutional limitations on searches and seizures do not apply to conversations and are confined to physical invasion and to the seizure of physical objects. The Fourth Amendment does not ban eavesdropping. For example, it is no violation of the Fourth Amendment for a law enforcement officer to crouch underneath an open window and overhear a conversation going on inside. Stratagem and

artifice in the detection of crime and apprehension of criminals is neither illegal nor unethical. In fact, the use of surreptitious means to that end is indispensable in cases of certain types. It is only if the law enforcement officer oversteps express rules of law that he acts illegally. In fact he may obtain evidence by trespass, Hester v. United States, 265 U.S. 57, 58, 44 S.Ct. 445, 68 L.Ed. 898. In pursuing suspects he may ignore traffic regulations.

The Court is, therefore, of the opinion that there is no violation in this case of the provisions of the Fourth Amendment.

This brings us to a discussion of the second objection; namely, that there was a violation of the statute banning wire tapping, 47 U.S.C.A. § 605, which relates to interception of messages of certain types. That statute has been limited to physical interception and does not extend to interception by an electronic instrument, if there is no contact between that instrument and the means of communication.

·This was also held in Goldman v. United States, 316 U.S. 129, 133, 62 S.Ct. 993, 86 L.Ed. 1322. It is urged that there is a distinction between the instant case and the Goldman case in that in the instant case, a wire projected from the electronic instrument for a short distance into the party wall; instead of as in the Goldman case, being entirely attached to the inside wall.

*De minimis non curat lex.* It would be, in the opinion of the Court, almost ludicrous to draw a line of distinction between legality and illegality on such minute circumstances. Moreover, the Court does not feel that inserting a wire into a party wall actually constitutes a trespass.

In view of these considerations, the Court holds that the affidavit on which the warrant was issued, is not based on information obtained by any violation of either constitutional or statutory rights and, therefore, this basis of the motion is not well-founded.

The second basis of the motion relates to the manner of the execution of the warrant. It is complained that in this case, the officers armed with the search warrant entered the premises referred to therein, without identifying themselves to the occupants or announcing their purpose. It is the law that an officer may not break into a building for the purpose of executing a warrant, unless he first demands admission after identifying himself and announcing his mission. This was held very recently by the Supreme Court in the case of Miller v. United States, 357 U.S. 301, 78 S.Ct. 1190, 2 L.Ed.2d 1332. It must be observed, however, that this ruling is limited to a situation in which the officers broke into the premises by force. The statute governing such matters likewise is limited to such a situation. In this instance, however, the testimony shows that the officers did not use any force and did not break into the premises. The objection is, therefore, not well taken.

In the light of these considerations, the motion is denied.