Robert L. PATTERSON, Petitioner,

v.

NATIONAL TRANSPORTATION SAFETY BOARD, Respondent.

No. 79–1426.

United States Court of Appeals, Tenth Circuit.

Submitted April 21, 1980.

Decided May 27, 1980.

J. Scott Hamilton of Hamilton & Hill, P.C., Denver, Colo., for petitioner.

Stuart E. Schiffer, Acting Asst. Atty. Gen., and Eloise E. Davies, Atty., App. Staff, Civil Division, Dept. of Justice, Washington, D. C., for respondent.

Before HOLLOWAY, McWILLIAMS and BARRETT, Circuit Judges.

McWILLIAMS, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R. App.P. 34(a); Tenth Cir. R. 10(e). The cause is therefore ordered submitted without oral argument.

Robert L. Patterson seeks review of an order of the National Transportation Safety Board suspending his commercial pilot and aircraft mechanic certificates for a period of 90 days. The basis for the suspension was the Board's finding that Patterson had:

(1) engaged in a major repair or alteration of an aircraft in violation of 14 C.F.R. § 65.81(a); (2) operated an aircraft which was not in an airworthy condition in violation of 14 C.F.R. § 91.29(a); and (3) returned to service an aircraft without prior approval in violation of 14 C.F.R. § 43.-5(a)(1).

Patterson advances essentially three grounds for setting aside the suspension order: (1) the refusal by the Administrative Law Judge who heard the case to grant Patterson's motion for a continuance; (2) the refusal by the Administrative Law Judge to grant Patterson's motion to suppress certain evidence; and (3) the alleged insufficiency of evidence to support the findings of the Administrative Law Judge, which, on review, were approved and adopted by the Board. We are not moved by any of these arguments and therefore affirm the Board's order.

At the hearing before the Administrative Law Judge the only evidence presented came from four witnesses called by the Federal Aviation Administration. Patterson was not himself present at the hearing, though he was represented by counsel. The record as thus made showed that Patterson landed an aircraft at the Provo, Utah Municipal Airport with his landing gear either up, or half up, causing the propeller blades to strike the runway pavement and resulting in a curling of the tip of each blade. Thereafter, Patterson was observed cutting off about four inches from the tip of each propeller blade with a metal hacksaw. Patterson was next seen taking off in the plane with its shortened propeller blades. Patterson had an aircraft mechanic certificate, but such did not authorize him to perform any "major alteration or repair" of an aircraft. It was on such evidence that the Administrative Law Judge found: (1) that Patterson had made an unauthorized major alteration or repair of an aircraft; (2) that after completing such alterations, Patterson returned the aircraft to service without FAA approval; and (3) that he thereafter operated the aircraft in an unairworthy condition, all in violation of FAA regulations.

As indicated, Patterson was not present at the hearing before the Administrative Law Judge. On the date of the hearing Patterson was undergoing military training under orders from the Utah National Guard. Shortly prior to the hearing, counsel requested a continuance, which request was denied by the Administrative Law Judge. Such action, according to Patterson, denied him his constitutional right of due process. Some background will place this matter in context.

The case was assigned to an Administrative Law Judge on August 10, 1978. A tentative date was then set for hearing the matter on October 16, 1978, in Salt Lake City. Patterson's counsel requested a postponement on the ground that he had a conflict. The request was granted, and the hearing was postponed until October 27, 1978. Patterson's counsel objected to that date also. On October 11, 1978, the case was reassigned to a different Administrative Law Judge. On October 18, 1978, Patterson was notified that his case would be heard on December 19, 1978, in Salt Lake City, and a formal notice of such hearing was sent him on November 21, 1978. On December 4, 1978, Patterson's counsel sought a further continuance on the ground that Patterson had since received orders from the Utah National Guard placing him on military training duty for a period of 14 weeks commencing December 13, 1978. The Administrative Law Judge denied this request for a continuance, and the hearing was held on December 19, 1978, without Patterson's presence.

■ The basis for the Judge's denial of the request for a further continuance was that the scheduled military training duty was in response to a request by Patterson for such training and was "with his consent." The Judge reasoned that this was not an instance where Patterson was being "ordered" to involuntary military duty, but an instance where Patterson voluntarily asked for such duty and simply preferred to undergo the training duty at the expense of his scheduled hearing for alleged violation

of FAA regulations. Under the circumstances as thus described, we find no violation of Patterson's right to due process. Certainly there was no such abuse of discretion on the part of the Administrative Law Judge as would amount to the denial of any constitutional right. The Judge was of the view that Patterson had indeed sought the guard training for the very purpose of delaying his hearing. In short, the Judge did not abuse his discretion in denying Patterson's third request for a continuance.

As above mentioned, the plane, with its shortened propellers, took off from the Provo Municipal Airport and was flown to the nearby Cedar Valley Airport. There it was later inspected by a Mr. Broadbent, an aviation safety inspector. Mr. Broadbent testified concerning his visual inspection of Patterson's aircraft, including the shortened propeller blades, and he also identified certain photographs which he had taken of the plane and its propeller blades. The inspection by Broadbent was admittedly made without a search warrant, and occurred within the confines of the Cedar Valley Airport at a location near the runway where the plane had been left. Neither Patterson nor any airport employee was present when Broadbent made his inspection of the plane.

Before the hearing, counsel moved to suppress Broadbent's testimony on the grounds that such was the fruit of an unlawful search. This motion was denied, and in thus holding the Administrative Law Judge did not err.

Cedar Valley Airport, as we understand it, is a private airport, as opposed to a municipal airport. From the record, it is unclear who owns it. It would appear that the public was allowed access to the airport proper even though it was privately owned and operated. Be all that as it may, it would appear that Broadbent's inspection was made in an open area. The plane had not been placed in any hangar or building. Under such circumstances, the "search" of Patterson's plane, if indeed it be a search, comes well within the "open fields" exception to the Fourth Amendment. As above indicated, the "search" here involved consisted of looking at the shortened propellers and taking photographs thereof. Broadbent did take a look inside the plane, but nothing was taken therefrom, nor did Broadbent testify as to what he saw therein. *Air Pollution Variance Bd. v. Western Alfalfa Corp.*, 416 U.S. 861, 94 S.Ct. 2114, 40 L.Ed.2d 607 (1974) and *Hester v. United States*, 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed. 898 (1924).

In our view, the record is such as to fully support the findings and conclusions of the Administrative Law Judge. For example, the testimony of witness Quandt, an FAA inspector, supports the finding that the trimming of the propeller blades constituted a "major alteration or repair." It matters not whether the blades were trimmed back four or six inches. The testimony was that trimming the blades so that the diameter of the propeller was shortened by more than two and three-fourths inches amounted to a major alteration. Also, it is argued here, though it was not argued before the Administrative Judge, that there was no evidence that Patterson was not in fact authorized to make major alterations. The testimony of witness Quandt was to the contrary. Without belaboring the point, our reading of the record indicates that the Judge's findings, adopted by the Board, are supported by substantial evidence. Such being the case, the findings are conclusive. 49 U.S.C. § 1486(e). *Loomis v. McLucas*, 553 F.2d 634 (10th Cir. 1977).

Order affirmed.