## CIRCUIT COURT OF BOTETOURT COUNTY

Commonwealth of Virginia

v.

Wanda Marie Reel

February 19, 1982

By JUDGE DUNCAN M. BYRD, JR.

The issue in this case is in point and controlled by *Hester v. United States*, 265 U.S. 57 (1924), which is cited as authority in *Patler v. Commonwealth*, 211 Va. 448 (1970). In *Hester*:

> In consequence of information. . . [revenue officers]. . . went toward the house of Hester's father, where. . . [the defendant Hester]. . . lived, and, as they approached, saw one Henderson drive near the house. They concealed themselves from 50 to 100 yards away and saw Hester come out and hand Henderson a quart bottle. An alarm was given. . . . [Hester] and Henderson ran. Hester dropped his jug. . . Henderson threw away his bottle. The jug and bottle both contained what the officers, being experts, recognized as moonshine whisky -- that is, whisky illicitly distilled; said to be easily recognizable.

The Court stated:

> It is obvious that, even if there had been a trespass, the above testimony was not obtained by an illegal search or seizure. The defendant's own acts, and those of his associates, disclosed the jug, the jar and the bottle. . . The special

> protection accorded by the 4th Amendment to the people in their "persons, houses, papers, and effects" is not extended to the open fields. The distinction between the latter and the house is as old as the common law.

In *Hester*, the officers were on private property and observed events and objects within the curtilage. But because their original intrusion was justified under the open field doctrine what they could plainly see within a constitutionally protected zone was not a search or if it was a search it was a reasonable one.

While I believe the garden in question may have been within the curtilage of the defendant's home, I am of the opinion that when Deputy Kelly observed the alleged marijuana from his vantage point in the driveway, he was outside the curtilage of the defendant's home and this limited intrusion was justified under the "open field doctrine." I believe his observation was a search but a reasonable one within the context of the 4th Amendment. The defendant's assertion that the "inadvertent" requirement of *Coolidge v. New Hampshire*, 403 U.S. 443 at 466 (1971), is applicable is misplaced.

Having approved Deputy Kelly's observation, I am of the opinion that his first hand knowledge recited in the affidavit for search warrant satisfy both prongs of the standard of *Aguilar v. Texas*, 378 U.S. 108 (1964).

The motion to suppress is overruled.