STATE OF NEBRASKA, APPELLANT, V. TERRY HAVLAT, APPELLEE.

351 N.W.2d 86

Filed June 29, 1984. No. 84-205.

Randy R. Stoll, Seward County Attorney, for appellant.

Kirk E. Naylor, Jr., for appellee.

WHITE, J.

This is an appeal from the decision of the district court for Seward County, Nebraska, ordering that the fruits of an open field, warrantless search be suppressed; in this case, a quantity of marijuana, certain irrigation equipment allegedly used in the cultivation of marijuana, and a palm print of the defendant lifted from an irrigation pump.

The county attorney appeals pursuant to Neb. Rev. Stat. § 29-824 (Reissue 1979), allowing certain appeals to be heard before a member of this court.

Subsequent to the decision of the trial court, and while this matter was on appeal, the U.S. Supreme Court reaffirmed the doctrine of *Hester v. United States*, 265 U.S. 57, 44 S. Ct. 445, 68 L. Ed. 898 (1924), in *Oliver v. United States*, ___ U.S. ___, 104 S. Ct. 1735, 80 L. Ed. 2d 214 (1984). Quoting *Hester*, the Court said: " '[T]he special protection accorded by the Fourth Amendment to the people in their "persons, houses, papers, and effects," is not extended to the open fields.' " 104 S. Ct. at 1740.

The Court concluded that neither probable cause nor a warrant was required to effect a search of open fields.

The trial court was in error in holding that the U.S. Constitution required the evidence be suppressed. The decision must be reversed.

Counsel for appellee also urges that the Nebraska Constitution should be construed to prohibit the search in the instant case and to require the suppression of the evidence seized.

The determination of whether an independent state ground exists ought not properly be made by a single judge of this court. Rather, that decision should be made by the full court when the issue is presented.

REVERSED.