STATE of Minnesota, Respondent,

v.

Kevin James NOLAN, Appellant.

No. C7-83-284.

Supreme Court of Minnesota.

Oct. 26, 1984.

Phillip S. Resnick, Robert G. Davis, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Norman Coleman, Jr., St. Paul, Jerome Schreiber, Wabasha County Atty., Lake City, for respondent.

PETERSON, Justice.

Defendant was charged by complaint with possession of marijuana with intent to sell, Minn.Stat. § 152.09, subd. 1(1) (1982). After the trial court denied defendant's motion to suppress on Fourth Amendment grounds, defendant waived his right to a trial by jury and submitted the issue of guilt to the court on stipulated facts. The court found defendant guilty as charged and stayed imposition of sentence, conditioning probation on, among other things, defendant's serving 120 days in jail. The court stayed execution of the jail term pending this appeal. On appeal, defendant argues that the court erred in denying his motion to suppress. We affirm.

An unidentified informant told the Wabasha County Sheriff that, while flying over and also while walking through two cornfields in Wabasha County, he had seen plants which he thought were marijuana. The sheriff and his chief deputy then flew over the area and saw two cornfields, each enclosing ½ to ¾-acre cultivated plats of bushy, dark green plants which the sheriff and his deputy took to be marijuana. On September 8, 1981, the sheriff obtained and executed a search warrant. The search resulted in the discovery and seizure of 5,520 pounds of marijuana and led to the issuance and execution of a second warrant, to search two trailers near the fields of marijuana. Evidence discovered in the search of one of the trailers, which was occupied by defendant, connected defendant to the marijuana.

At the omnibus hearing the prosecutor apparently conceded that a warrant was needed to enter onto the land. The trial court decided the case on that basis, concluding that the aerial surveillance did not require a warrant and that the affidavit contained sufficient information to justify

the issuance of the warrant to enter onto the land and examine and seize the plants.

A recent decision by the United States Supreme Court, *Oliver v. United States*, — U.S. ——, 104 S.Ct. 1735, 80 L.Ed.2d 214 (1984), makes it clear that the sheriff did not need a warrant to go onto the land. Relying on *Hester v. United States*, 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed. 898 (1924), which first announced the "open fields" doctrine, the Court held (a) that a person has no constitutionally protected reasonable expectation of privacy in "open fields" even if he has taken steps—such as erecting fences and posting "No Trespassing" signs—to demonstrate a desire to bar the public from them and (b) that police therefore do not need a warrant or probable cause to enter onto such fields. *Oliver* also made it clear that aerial surveillance of open fields does not constitute a search. — U.S. at ——, 104 S.Ct. at 1741. Since *Oliver* makes it clear that the Fourth Amendment did not protect the open fields onto which the sheriff and his deputies entered, there was no need for a warrant and, hence, no basis for suppression of the evidence which they discovered.

Affirmed.