STATE

v.

Peter K. BEANE.

No. 91-83-C.A.

Supreme Court of Rhode Island.

June 15, 1992.

James E. O'Neil, Atty. Gen., Jane McSoley, Jeffrey Greer, Asst. Attys. Gen., for plaintiff.

James A. Donnelly, Wakefield, for defendant.

## OPINION

PER CURIAM.

This case came before the court on May 4, 1992, pursuant to an order directing both parties to appear and show cause why this appeal should not be denied and dismissed. The state had appealed from a Superior Court order granting the defendant's motion to suppress.

After considering the arguments and memoranda of counsel, we are of the opinion that cause has been shown. We believe that the trial justice erroneously determined that the search of the defendant's property and the seizure of the marijuana therefrom were unconstitutional under the Fourth Amendment of the Federal Constitution on the basis of a technical invalidity in the search warrant. The United States Supreme Court has ruled that the "open fields" doctrine is applicable to land outside the curtilage and, as such, it does not fall within the scope of Fourth Amendment protection. *Oliver v. United States*, 466 U.S. 170, 181, 104 S.Ct. 1735, 1742, 80 L.Ed.2d 214, 225–26 (1984); *Hester v. United States*, 265 U.S. 57, 59, 44 S.Ct. 445, 446, 68 L.Ed. 898, 898–99 (1924). Thus the facts of the case at bar did not require a search warrant to perform a permissible aerial surveillance of the defendant's property. Nor was a warrant required to authorize seizure of the contraband.

Therefore, we sustain the state's appeal and reverse the decision of the trial justice.

The case is remanded to the Superior Court for further proceedings.