OPINION
Defendant, Anthony A. Craig, appeals from his conviction and sentence for drug abuse, R.C. 2925.11(A), which was entered on Craig's plea of no contest after the trial court dismissed his motion to suppress evidence. Craig presents a single assignment of error, which states:
 THE TRIAL COURT ERRED, IN VIOLATION OF DEFENDANT-APPELLANT'S RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND UNDER ARTICLE I, SECTION 14 OF THE OHIO CONSTITUTION, WHEN IT DISMISSED DEFENDANT-APPELLANT'S MOTION TO SUPPRESS FOR THE REASONS STATED HEREIN.
Evidence presented by the State in response to Craig's motion to suppress showed that on October 4, 1998, at shortly before midnight, two Dayton Police Department officers who were in a cruiser observed a group of four men standing on a street corner. Two of the men were drinking from beer bottles. Believing this to be a violation of Dayton's "open container" ordinance, the officers drove to where the men were standing and got out of their cruiser. It was the officers' intention to perform a "field interview."
When the officers stepped from their cruiser, one of the men, Defendant Anthony Craig, who was not one of the two who were drinking, turned to walk away. As he did, officers observed Craig make a throwing motion with his right hand, and saw an object he apparently had thrown fall to the ground. One of the officers stopped Craig while the other officer retrieved the object, which was a small bottle that appeared to have been converted for use as a crack pipe. A piece of crack cocaine was subsequently found on the ground, at a point approximately six inches from where the bottle had landed after Craig threw it.
Craig was indicted for drug abuse, in violation of R.C.2925.11(A), alleging possession of crack cocaine. He entered a not guilty plea. Craig filed a request for discovery, and he was provided the "information packet" that Montgomery Loc.R. 3.03(D)(2)(d) prescribes. Presumably, the information indicated that the State would seek to introduce the crack pipe and/or crack cocaine that the officers recovered in its prosecution of Craig on the drug abuse charge.
Craig filed a motion to suppress "all evidence that was obtained as a result of Defendant's stop, seizure, detention and arrest . . .," arguing that "police officers lacked reasonable and probable cause to stop, seize and detain Defendant." In a memorandum supporting his motion, Craig argued that the illegal seizure of his person, as opposed to seizure of the evidence which the officers had recovered, was the basis of the Fourth Amendment violation alleged. However, Craig asked the court to suppress that evidence as "fruit of the poisonous tree."
The State presented the evidence related above through the testimony of one of the two officers involved in Craig's apprehension and arrest, Sean D. Copley. The State then moved to dismiss Craig's motion to suppress, arguing that because his abandonment of the crack pipe and crack cocaine had operated to relinquish whatever reasonable expectation of privacy Craig had in that property, he lacked standing to prosecute a motion to suppress that evidence. Craig's standing could be preserved, the State argued, by his admission that the property belonged to him.
Craig opposed the State's motion, arguing that his motion to suppress was based on an alleged illegal detention, not that the seizure of the evidence itself was illegal, though the "fruit of the poisonous tree" doctrine required its suppression as well.
After hearing the arguments of the parties, and because Craig would not admit ownership of the crack pipe or crack cocaine, the trial court dismissed his motion to suppress for lack of standing, as the State had urged.
On appeal, Craig again argues that suppression of the evidence which the officers retrieved is required because it was the product of an illegal seizure of his person. Therefore, according to Craig, evidence that he had "abandoned" the property did not deprive him of standing to prosecute his motion to suppress it.
The State, without specifically agreeing with Craig's argument, nevertheless concedes that its lack of standing contention to the trial court was incorrect, and it asks us to reverse Craig's conviction and remand for further proceedings on his motion to suppress evidence.
The trial court did not overrule Craig's motion on its merits; rather, the court ordered the motion dismissed. The basis for dismissal was evidence that Craig had abandoned the property in a public area, which took its seizure outside the protections afforded by the Fourth Amendment. Hester v. United States (1924),265 U.S. 57, 44 S.Ct. 445, 68 L.Ed. 898. However, that fact did not determine Craig's contention that the prior seizure of his person was illegal. Therefore, the evidence that Craig had abandoned the property did not deprive Craig of standing to prosecute his motion to suppress on the grounds he alleged.
Nevertheless, we believe that Craig's particular complaint is something of a "red herring." Craig was not detained illegally when officers approached the group in which he was standing. If by discarding the property he held Craig thereby voluntarily revealed it to the officers' view, they were authorized by law to arrest him if from the nature of that article they had reasonable cause to believe that a felony was being committed in their presence. Rios v. United States (1960), 364 U.S. 253,80 S.Ct. 1431, 4 L.Ed.2d 1688. Evidence that he discarded the article that the officers then retrieved would then be admissible against him if no Fourth Amendment violation is demonstrated in their seizure of Craig.
The assignment of error is sustained. The judgment from which this appeal was taken is reversed, and the cause is remanded for further proceedings consistent with this opinion.
BROGAN, J. and FAIN, J., concur.
Copies mailed to:
R. Lynn Nothstine, Esq.
Charles W. Slicer, Esq.
Hon. David G. Sunderland