OPINION
Defendant, Dajuan Deloach, appeals from his conviction and sentence for Drug Abuse, which were entered upon his plea of no contest after the trial court denied his motion to suppress evidence. DeLoach presents a single assignment of error, which states:
 THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SUPPRESS EVIDENCE RECOVERED AS A RESULT OF AN UNCONSTITUTIONAL POLICE SEIZURE.
The evidence which Deloach moved to suppress is a clear plastic bag containing crack cocaine that Dayton Police Officer Joseph Wiseman saw DeLoach throw down in an open yard on December 17, 1998. Officer Wiseman immediately seized the bag and arrested Deloach, who was subsequently charged with Drug Abuse.
When a person abandons property that he owns or possesses, the act of abandonment operates to relinquish any reasonable expectation of privacy he had in the property which the Fourth Amendment protects. Rawlings v. Kentucky (1980), 448 U.S. 98,100 S.Ct. 2556, 65 L.Ed.2d 633. Therefore, property that has beenabandoned is outside the prohibition against unreasonable searchesand seizures which the Fourth Amendment imposes. Hester v.United States (1924), 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed. 898;Abel v. United States (1968), 362 U.S. 217, 80 S.Ct. 683,4 L.Ed.2d 668.
Deloach abandoned the bag containing crack cocaine during a struggle with Officer Wiseman. The struggle followed a chase on foot, which began when Deloach fled from Officer Wiseman after the officer had asked Deloach to wait in his cruiser while he verified an identity Deloach gave him. That request was made after Officer Wiseman stopped Deloach to cite him for jaywalking, having seen him cross a street between intersections at a point where no crosswalk was located.
Deloach was charged with Drug Abuse, and afterward moved to suppress evidence of the crack cocaine that Officer Wiseman seized. Evidence presented at the hearing on the motion demonstrates that neither of the intersections at the ends of the street that Deloach crossed have traffic control devices. InState v. Lemanski-Jester (Nov. 12, 1999), Montgomery App. No. 17827, unreported, we held that the applicable Dayton jaywalking ordinance, R.C.G.O. 75.05(C), does not restrict pedestrians to crosswalks unless at least one of the adjacent intersections has a traffic control device. On that basis, the conduct for which Officer Wiseman intended to cite Deloach was not a violation of law at all. Seizing on that point, Deloach argues that his stop was therefor "unlawful" and tainted the subsequent seizure of the crack cocaine he abandoned, requiring its suppression.
Suppression is mandated when evidence is derived from an arrest, search, or seizure that violates the Fourth Amendment.Mapp v. Ohio (1961), 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081.Because the Fourth Amendment prohibits "unreasonable" searches andseizures, the exclusionary rule applies only if the particularsearch or seizure is unreasonable. The test for reasonableness isan objective test. The officer's subjective good faith is notenough. Beck v. Ohio (1964), 379 U.S. 89, 85 S.Ct. 223,13 L.Ed.2d 142.
The abandonment rule, discussed above, renders any reasonableness issue moot because abandonment operates to relinquish the reasonable expectation of privacy that the Fourth Amendment protects. Stated otherwise, one who abandons property lacks standing to argue that its seizure violated the Fourth Amendment. Deloach concedes that he abandoned the property when he discarded it. He argues, however, that its seizure was nevertheless unreasonable because it derived from a stop, albeit one effected to cite him rather than to arrest him, for which the officer involved lacked probable cause pursuant to our holding inLemanski-Jester, supra.
In State v. Greer (Sept. 27, 1996), Montgomery App. No.15695, unreported, we held that "the application of theexclusionary rule may be avoided with respect to evidence obtainedas a result of an investigative stop based upon conduct observedby a police officer that the officer reasonably, but mistakenly,believes to be a violation of law." Id., p. 1. There, an officer had stopped a driver after he made a u-turn, on the mistaken belief that the u-turn was prohibited by a local ordinance. We are confronted with the same form of defect here; a mistake of law on the officer's part in concluding that the conduct he observed amounts to a violation of law.
Deloach's arrest preceded our holding in Lemanski-Jester,supra, by eleven months. Therefore, that decision cannot supporta finding that Officer Wiseman subjectively knew that he lackedprobable cause. The fact that the holding in Lemanski-Jester,supra, demonstrates an objective lack of probable cause does notrender Officer Wiseman's seizure of the property that Deloachwould suppress unreasonable for Fourth Amendment purposes,however. It is reasonable for those purposes if it satisfies an exception to the Fourth Amendment warrant requirement. Two are demonstrated here.
First, as discussed above, Deloach's abandonment of the property denies him any standing to complain that its seizure violated the Fourth Amendment.
Second, and independent of the possible jaywalking violation, Deloach's flight created probable cause to arrest him for obstructing official business, R.C. 2921.31(A), in which Officer Wiseman was engaged per R.C. 737.11 when he stopped Deloach to cite him for a violation of R.C.G.O. 75.05(C). Upon his arrest of Deloach for obstructing official business, Officer Wiseman was authorized to search his person incident to arrest. Draper v.United States (1959), 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327. It is inevitable that the search would have revealed the crack cocaine that Deloach yielded up when he threw it aside during his struggle with Officer Wiseman.
The assignment of error is overruled. The judgment of the trial court will be affirmed.
 ______________________ GRADY, P.J.,
FAIN, J., and YOUNG, J., concur.