NUMBER
13-01-792-CR

 

                                  COURT
OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                                    CORPUS
CHRISTI



 

 

MARIA ALICIA WALKER,                                                                Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                        Appellee.

 



 

                               On
appeal from the 404th District Court

                                         of
Cameron County, Texas.

 

 



                                         O
P I N I O N

 

                 Before Chief Justice
Valdez and Justices Dorsey and Rodriguez

                                           Opinion
by Justice Dorsey

 








A jury found appellant, Maria Alicia Walker,
guilty of possession of a controlled substance, and the trial court sentenced
her to ten years in prison, probated for ten years.  The issue is whether the trial court erred in
denying the motion to suppress the cocaine, which was allegedly seized as the
result of an illegal arrest, in violation of the Fourth Amendment to the United
States Constitution.  We affirm.

                                         I. 
Evidence On Motion To Suppress

 

The Brownsville Police Department received a call
from an anonymous tipster who said that she had seen a female barmaid named AAlicia@
selling narcotics at the Los Pescadores Bar. 
After the police received the tip Officer Ortiz, acting undercover, went
into the bar in order to Aset
surveillance.@  Approximately eight to ten minutes after
Ortiz went in the bar Officers Huerta, Arnold, and Gutierrez entered the
bar.  Huerta and Arnold were wearing
police uniforms.  Huerta made contact
with the barmaid, who identified  herself
as appellant and said that she was in charge of the bar.  Huerta advised her that he and the other
officers were there to do a narcotics investigation and that they had received
information from an anonymous tipster that narcotics were being sold from the
bar.  He then asked her if they could use
a dog to check the bar for narcotics. 
According to Huerta, appellant gave him verbal consent to search the
bar.  Huerta asked the patrons to move
towards the back part of the bar area, and Officer Arnold used a dog to search
the bar.  During the search Officer Ortiz
told Huerta that he saw appellant throw something into the trash can.  Huerta retrieved a clear plastic baggy
containing a white substance from the trash can.  At that point Huerta arrested appellant for
possession of cocaine.  This baggy
contained cocaine. 








While appellant was at the jail a jailer performed
an inventory search of appellant=s
purse.  The jailer found a dollar bill
and two little baggies containing a residual white powdery substance.  Jose Zuniga, a DPS criminalist, tested the
dollar bill and found that it contained .01 grams of cocaine.  One of the plastic baggies removed from
appellant=s purse
contained .02 grams of cocaine.  

Appellant testified that she did not consent to
the search of the bar.

                                                                  II. Analysis

The sole issue is whether the seizure of the
cocaine was the result of an illegal arrest, thus violating the Fourth
Amendment=s
prohibition against unreasonable searches and seizures.  Appellant filed a motion to suppress the
cocaine, and after hearing evidence, the trial court denied the motion.  Appellant argues that the cocaine was the
fruit of an illegal arrest, and, therefore, the trial court should have
suppressed it.  See Wong Sun v. United
States, 371 U.S. 471 (1963).  We
disagree.








We generally review a trial court's ruling on a
motion to suppress for abuse of discretion. 
Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996); Strickland
v. State, 923 S.W.2d 617, 620 (Tex. App.BHouston
[1st Dist.] 1995, no pet.).  We afford
almost total deference to the trial court's fact findings, as we review the
evidence in the light most favorable to the trial court's ruling.  Guzman v. State, 955 S.W.2d 85, 89
(Tex. Crim. App. 1997).  Because we do
not determine credibility, our de novo review of authority to consent,
reasonable suspicion, and probable cause, mixed questions of law and facts,
becomes a de novo review of legal questions.  Ornelas v. United States, 517 U.S.
690, 697‑99 (1996); Guzman, 955 S.W.2d at 87‑89.   On appeal we are limited to determining
whether the trial court erred in applying the law to the facts.  Id.

                                                           A.  The Anonymous Tip

 

An anonymous telephone call, like the one in this
case, will provide sufficient justification for police officers to initiate an
investigation.  Clemons v. State,
605 S.W.2d 567, 570 (Tex. Crim. App. 1980); Davis v. State, 989 S.W.2d
859, 863 (Tex. App.BAustin
1999, pet. ref=d).  We conclude that because an anonymous telephone
call will provide sufficient justification for police officers to initiate an
investigation, the police in this case were justified in entering the Los
Pescadores Bar during business hours to speak to the barmaid about conducting a
search.  See Florida v. Royer, 460
U.S. 491, 498 (1983) ("It is now well settled that law enforcement
officers do not violate the Fourth Amendment by merely approaching an
individual in public to ask questions.").

                                                        B.
Consent For The Search








            One of the established exceptions to the warrant and
probable cause requirements of the Fourth Amendment is a search conducted
pursuant to consent.  Schneckloth v.
Bustamonte, 412 U.S. 218, 219 (1973). 
Constitutional proscriptions against warrantless searches and seizures
do not come into play when a person gives free and voluntary consent to a
search.  See Brimage v. State, 918
S.W.2d 466, 480 (Tex. Crim. App. 1994) (voluntary consent to warrantless
searches violates neither the United States or Texas Constitution, nor Texas
laws).  The person whose property is
searched or a third party who possesses common authority over the premises can
give consent for a search.  Illinois
v. Rodriguez, 497 U.S. 177, 179‑81 (1990).  A third party properly consents to a search
when he or she has control over and authority to use the premises being
searched.  United States v. Matlock,
415 U.S. 164, 171 (1974); Garcia v. State, 887 S.W.2d 846, 851 (Tex.
Crim. App. 1994).

To show valid consent, the consent must "not
be coerced, by explicit or implicit means, by implied threat or covert
force."  Carmouche v. State,
10 S.W.3d 323, 331 (Tex. Crim. App. 2000) (quoting Schneckloth, 412 U.S.
at 228).  Although the United States
Constitution only requires the State to prove the voluntariness of consent by a
preponderance of the evidence, the Texas Constitution requires the State to
show by clear and convincing evidence that the consent was freely given.  Carmouche, 10 S.W.3d at 331.  If the record supports a finding by clear and
convincing evidence that consent to search was free and voluntary, we may not
disturb that finding.  Id.








Here the evidence showed that appellant was in
charge of the bar at the time the officers arrived.  Her consent to search the bar was freely and
voluntarily made.  There was no evidence
whatsoever that Officer Huerta, or any other police officer, threatened or
coerced appellant in any manner.  The
encounter between Huerta and appellant was brief and cordial.  Huerta did not say anything or do anything
that conveyed a message that compliance with his request was required.  Although appellant denied that she had
consented to the search, Huerta stated that she did consent.  The trial court was entitled to believe
Huerta=s version
of the events.  We hold the record does
support an implied finding of clear and convincing evidence that appellant's
consent to search was free and voluntary.

                                                    C.  Was Appellant Under Arrest?

In determining whether a person was in custody the
court must examine all the circumstances, but Athe
ultimate inquiry is simply whether there [was] a >formal
arrest or restraint of movement=
of the degree associated with formal arrest.@  See California v. Beheler, 463 U.S.
1121, 1125 (1983); see also Meek v. State, 790 S.W.2d 618, 621 (Tex.
Crim. App. 1990); La Point v. State, 650 S.W.2d 821, 824 (Tex. Crim.
App. 1983).  The court of criminal
appeals has stated at least four situations which may constitute custody:  (1) when the suspect is physically deprived
of his freedom of action in any significant way; (2) when a law-enforcement
officer tells the suspect that he cannot leave; (3) when law-enforcement
officers create a situation that would lead a reasonable person to believe that
his freedom of movement has been significantly restricted; and (4) when there
is probable cause to arrest, and law-enforcement officers do not tell the
suspect that he is free to leave.  Dowthitt
v. State, 931 S.W.2d 244, 255 (Tex. Crim. App. 1996); Shiflet v. State,
732 S.W.2d 622, 629 (Tex. Crim. App. 1985).








Concerning the first through third situations the
court of criminal appeals has stated that the restriction upon freedom of
movement must amount to the degree associated with an arrest as opposed to an
investigative detention.  Dowthitt,
931 S.W.2d at 255.  The Dowthitt court
further stated:

Concerning
the fourth situation Stansbury[[1]]
dictates that the officers=
knowledge of probable cause be manifested to the suspect.  Such manifestation could occur if information
substantiating probable cause is related by the officers to the suspect or by
the suspect to the officers.  Moreover,
given our emphasis on probable cause as a Afactor@ in other cases, situation four does
not automatically establish custody; rather, custody is established if the
manifestation of probable cause, combined with other circumstances, would lead
a reasonable person to believe that he is under restraint to the degree
associated with an arrest.

 

Dowthitt, 931 S.W.2d at 255.

Here the police placed no restriction upon
appellant=s freedom
of movement constituting that degree associated with an arrest as opposed to an
investigative detention.  Further the
police made no manifestation of probable cause which would lead appellant to
believe that she was under restraint to the degree associated with an arrest.  Officer Huerta did not tell appellant that
she was the subject of the tip.

                                                                D.  Abandonment








An important fact in this case is that during the
search of the bar appellant threw the cocaine into the trash can, thus
abandoning the cocaine.  This is
significant because an accused who voluntarily abandons contraband is not
entitled to constitutional and statutory search and seizure protection as the
Fourth Amendment does not protect a person who voluntarily abandons his or her
property.  Abel v. United States,
362 U.S. 217, 241 (1960); Hester v. United States, 265 U.S. 57, 58
(1924); Citizen v. State, 39 S.W.3d 367, 372 (Tex. AppBHouston [1st Dist.] 2001, no pet.).

Abandonment consists of two components:  (1) a defendant must intend to abandon
property; and (2) a defendant must freely decide to abandon the property;  the decision must not merely be the product
of police misconduct.  Brimage v.
State, 918 S.W.2d 466, 507 (Tex. Crim. App. 1996); Comer v. State,
754 S.W.2d 656, 659 (Tex. Crim. App. 1986). 
In Comer the court of criminal appeals held that to resolve
abandonment issues there must be a determination of whether the accused
voluntarily abandoned the property independent of any police misconduct.  Id.

Here the police were lawfully on the bar=s premises and had received appellant=s consent to perform a canine search of
the bar.  During the search appellant
threw a package of cocaine into the bar=s
trash can.  Accordingly the evidence
showed that appellant intended to abandon the cocaine and that her decision was
not the product of police misconduct.

We hold that the trial court did not abuse its
discretion by refusing to grant the motion to suppress the cocaine.  We overrule the issue.

We AFFIRM the trial court=s
judgment.

 

 

______________________________

J. BONNER DORSEY,

Justice

 

Do not publish.

Tex. R. App. P. 47.3(b).

 

Opinion
delivered and filed

this 19th
day of September, 2002.        











[1]See Stansbury v. California, 511 U.S. 318 (1994).