NOT RECOMMENDED FOR PUBLICATION
File Name: 17a0120n.06

No. 16-1758

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Feb 22, 2017
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| SONNY LAMARR PHILLIPS, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: CLAY, SUTTON, and GRIFFIN, Circuit Judges.

GRIFFIN, Circuit Judge.

Defendant Sonny Phillips appeals his conditional guilty-plea conviction for felon-in-possession on grounds that the district court erred in denying his motion to suppress. We affirm.

I.

Shortly before 10 p.m. on September 8, 2014, three Detroit police officers were on routine patrol. They were on the lookout for possible vehicle thefts and saw Sonny Phillips walking alongside cars parked in the street. Their interest piqued, the officers activated their spotlights on Phillips. As Phillips walked past them, they slowed to a stop and saw the handle of a black handgun protruding from his pocket. With their interest now turning to suspicion, the officers got out of their patrol car to investigate, but before they could say a word, Phillips took off running. The officers gave chase, ordering Phillips to stop. Moments into the pursuit,

Phillips's gun fell from his pocket. Phillips left it behind and continued running. One of the officers, however, did not. He stopped and recovered the firearm while his partners pursued Phillips, eventually tracking him down and arresting him.

Facing a charge of felon-in-possession, defendant moved to suppress the firearm as fruit of an unlawful seizure. The district court denied the motion. Defendant later agreed to plead guilty on the condition he could appeal the motion-to-suppress decision. He now appeals.

II.

An indispensable element to any Fourth Amendment challenge is a "search" or "seizure"—without one or the other, there can be no Fourth Amendment violation. Raising the latter type of claim, Phillips contends he was unreasonably seized when police exited their vehicles, requiring suppression of the firearm recovered as a result of that constitutional violation. A Fourth Amendment seizure occurs only when an officer (1) "applies physical force to restrain a suspect" or (2) uses a "show of authority" that actually causes the suspect to submit. *United States v. Jeter*, 721 F.3d 746, 751–52 (6th Cir. 2013) (quotation omitted). A suspect who flees from police is not "seized" in either sense of the word. *See California v. Hodari D.*, 499 U.S. 621, 626 (1991). Thus, as the Supreme Court held long ago, when a fleeing suspect sheds evidence before being apprehended, as defendant did in this case, it is not the product of a "seizure" and thus no violation of the Fourth Amendment to collect and use that evidence against him. *Id.* at 629.

Defendant acknowledges *Hodari D.*'s controlling presence in this case, but he offers two ways to distinguish it. First, he contends that the officers did not have reasonable suspicion to believe he was engaged in criminal activity in the first place (after all, it is not necessarily a crime to own and carry a firearm, *see, e.g.*, U.S. Const. amend. II; M.C.L. § 750.227(2)), thereby

tainting any evidence seized after that point. But, as defendant concedes, we rejected this argument in *United States v. Martin.* 399 F.3d 750, 753 (6th Cir. 2005) (holding that *Hodari D.* applies "even if the attempted seizure or show of authority constitutes police misconduct"); *see also Hodari D.*, 499 U.S. at 623 n.1 (assuming a *Terry* violation prior to the suspect's flight).

Defendant also argues that *Hodari D.* is inapplicable because he *inadvertently* dropped his weapon, as opposed to "intentionally abandoning" it as Hodari D. did. *Hodari D.* makes no such distinction. Quite to the contrary, *Hodari D.* relied on *Hester v. United States*, 265 U.S. 57 (1924), which used "abandon[]" to refer to both *throwing away* and *dropping* items. *Id.* at 58; *see Hodari D.*, 499 U.S. at 629 (citing *Hester*, 265 U.S. at 58). Moreover, this court has previously applied *Hodari D.* to unintentionally relinquished contraband. *See United States v. Britton*, 335 F. App'x 571, 575–76 (6th Cir. 2009); *United States v. Caldwell*, 238 F.3d 424, 2000 WL 1888682, at *7 (6th Cir. 2000) (unpublished table decision). As these cases implicitly recognize, *Hodari D.*'s holding pertains to the moment at which *a person* is seized. We use an entirely different framework when it comes to *effects*, *see Hodari D.*, 499 U.S. at 627 n.3, one that asks whether the owner has a legitimate expectation of privacy in the item, *see, e.g.*, *Katz v. United States*, 389 U.S. 347, 361 (1967) (Harlan, J., concurring). And though they use different reasoning—*Caldwell* with its discussion of "abandonment" and *Britton* with its "plain view" analysis—both cases are grounded in the legitimate expectation-of-privacy maxim. *See Caldwell*, 2000 WL 1888682, at *7 ("[T]he question [of abandonment] is whether the person claiming an interest has an objectively reasonable expectation of privacy with respect to the property." (citation omitted)); *Britton*, 335 F. App'x at 576 ("[U]nder the fourth amendment no governmental 'search' occurs if the place or object examined is publicly exposed such that no person can reasonably have an expectation of privacy." (alteration in original) (quoting *United*

*States v. Eubanks*, 876 F.2d 1514, 1516 (11th Cir. 1989))). Following that same Fourth Amendment lodestar, we hold that Phillips gave up any legitimate expectation of privacy in his handgun when he dropped it in a public street and left it behind for the world to see. Therefore, the officer's seizure of the weapon was not unreasonable. Nor, for the reasons stated in *Hodari D.*, was it the product of an unreasonable seizure of his person.

III.

For the foregoing reasons, we affirm.