235 N.J. Super. 262 (1989)
561 A.2d 1212
MIDDLESEX COUNTY HEALTH DEPARTMENT, PLAINTIFF,
v.
PETER ROEHSLER AND DONNA ROEHSLER, DEFENDANTS.
Superior Court of New Jersey, Law Division Middlesex County.
Decided April 6, 1989.
*264 Florence J. Lotrowski, Deputy County Counsel, for plaintiff (John J. Hoagland, County Counsel, attorney).
Peter Roehsler, Pro Se.
Donna Roehsler, Pro Se.
DEEGAN, J.S.C.
This has been a Motion to Suppress Evidence seized as the result of several warrantless searches of defendants' property known as Viking Terminal, Jernee Mill Road, Sayreville, New Jersey. The first of these searches was conducted on May 5, 1987. Subsequent searches took place in May, June, September and October of 1987 as well as in April, June and October of 1988. This Court has heard the testimony of Dennis Malinowski, Thomas Mizerak and Glen Parsons, reviewed the briefs submitted and considered the arguments of all parties. I now make the following findings of fact and conclusions of law.
I find that on May 5, 1987 Dennis Malinowski, Project Coordinator for the Middlesex County Health Department received a telephone complaint regarding construction debris on a particular piece of property. At the time of the complaint ownership of the property was uncertain. Mr. Malinowski instructed Thomas Mizerak, a Sanitary Inspector with the Health Department, *265 to investigate as to whether there was a landfill on the property.
Mr. Mizerak proceeded to the area and observed the storage of solid waste. He made his observation from property adjacent to defendants' property. The area of solid waste storage was located on defendants' property. As part of his investigation Mr. Mizerak photographed the landfill. All subsequent visits to the landfill with the exception of one in June of 1988 were follow-up visits to the initial complaint and investigation.
I further find that portions of defendants' property are leased to various businesses. Defendants also maintain their primary residence on the property. Defendants are not licensed or authorized to store or dispose of solid waste on their property nor were they so licensed or authorized at the time of the searches at issue here.
Defendants argue that the warrantless search of their property on May 5 violated their right to be free from unreasonable searches and seizures as guaranteed by the Fourth Amendment of the United States Constitution and Article I, Paragraph 7 of the New Jersey Constitution. Specifically, defendants claim that their property is private property as manifested by the fence and "No Trespassing" signs, and as such is protected from warrantless searches generally. Moreover, because defendants are not licensed as a solid waste facility, they argue that they are outside the authority of the County Health Department to conduct warrantless administrative searches.
Searches of private property without consent are generally held unconstitutional unless authorized by a valid search warrant. However, the Courts have established several exceptions to the search warrant requirement. This case requires consideration of two of those exceptions, the "open fields" exception and the exception for administrative searches of closely regulated industries.
New Jersey Courts have never adopted the "open fields" doctrine as an exception to the warrant requirement of Article *266 I, Paragraph 7 of our Constitution. In State v. Bonaccurso, 227 N.J. Super. 159 (Law Div. 1988), a case finding reasonable an inspection of a slaughterhouse and surrounding premises by the Department of Environmental Protection, the Court declined to adopt the doctrine for New Jersey, however, it suggested that New Jersey Courts would give similar construction to Article I, Paragraph 7 as the Federal Courts have given the Fourth Amendment with regard to the "open fields" doctrine.
The "open fields" exception to the warrant requirement has been developed by the United States Supreme Court in a series of cases. United States v. Dunn, 480 U.S. 294, 107 S.Ct. 1134, 94 L.Ed.2d 326 (1987); Oliver v. United States, 466 U.S. 170, 104 S.Ct. 1735, 80 L.Ed.2d 214 (1984); Air Pollution Variance Board v. Western Alfalfa Corp., 416 U.S. 861, 94 S.Ct. 2114, 40 L.Ed.2d 607 (1974); Hester v. United States, 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed. 898 (1924). "The term `open fields' may include any unoccupied or undeveloped area outside of the curtilage." Dunn, supra, 480 U.S. at 303-04, 107 S.Ct. at 1140-41, 94 L.Ed.2d at 336. Steps to protect privacy such as erecting fences and posting "No Trespassing" signs do not automatically establish a legitimate expectation of privacy in an open field. "[N]o expectation of privacy legitimately attaches to open fields." Oliver, supra, 466 U.S. at 180-82, 104 S.Ct. at 1742-43, 80 L.Ed.2d at 225-27.
In Air Pollution Variance Board, the Court extended the "open fields" exception to a Colorado Department of Health inspector who entered the outdoor premises of a business without a warrant or the owner's consent. The Court held that because the inspector only viewed what anyone near the premises could view and that there was no showing that the inspector was on premises from which the public was excluded the inspector was within the "open fields" exception to the Fourth Amendment.
Applying the law to the facts of this case, I find that Mr. Mizerak observed the landfill on property which can be described *267 as an open field. The property from which he made his observations was not shown to be excluded from the public. Further, I find that the fencing surrounding defendants' property and the "No Trespassing" signs posted on the property do not establish a legitimate expectation of privacy in the area of the landfill. Consequently, I find Mr. Mizerak's investigation of defendants' property on May 5, 1987 to be within the "open fields" exception to the warrant requirement of the Fourth Amendment and not in violation of Article I, Paragraph 7 of the New Jersey Constitution.
Administrative searches of private property without proper consent are generally held unconstitutional in New Jersey unless they have been authorized by a valid search warrant. State v. Dolce, 178 N.J. Super. 275 (App.Div. 1981). However, New Jersey has adopted the exception to the warrant requirement which permits warrantless inspections of industries subject to intense regulation. State v. Williams, 84 N.J. 217 (1980).
The United States Supreme Court in New York v. Joseph Burger, 482 U.S. 691, 107 S.Ct. 2636, 96 L.Ed.2d 601 (1987) upheld a warrantless search of an automobile junkyard conducted in accordance with New York's administrative inspection statute. In its opinion the Court set forth three criteria which must be met in order for a warrantless search of a pervasively regulated industry to be reasonable. First, the State must have a substantial interest in regulating the industry. Second, the statutory scheme permitting warrantless searches must be necessary to further that interest. Finally, the statutory scheme must provide a constitutionally adequate substitute for a warrant by being properly defined in scope, limiting the discretion of inspectors and by putting individuals on notice that the warrantless inspections are made pursuant to statute.
Defendants do not contend that the disposal of solid waste is not an industry subject to pervasive regulation nor do they *268 challenge the constitutionality of N.J.S.A. 13:1E-1 et seq., the Solid Waste Management Act.
The issue here is whether defendants come within the authority of the Department of Environmental Protection (DEP) and the County Health Department as granted by N.J.S.A. 13:1E-1 et seq. Defendants argue that they are not and have not been licensed as a solid waste facility and are therefore outside the purview of the statute. This argument was rejected in Bonaccurso, supra, 227 N.J. Super. at 169, as well as in Burger, supra, 482 U.S. at 715-16, 107 S.Ct. at 2650-51, 96 L.Ed.2d at 622, as it frustrates the policies underlying the statutory scheme by providing greater protection from warrantless searches to those who seek to circumvent regulations by failing to obtain required licenses.
The landfill here does not fit within the definition of "solid waste facility" as it is defined in N.J.S.A. 13:1E-3(h):
"Solid waste facilities" mean and include the plants, structures and other real and personal property acquired, constructed or operated or to be acquired, constructed or operated by any person pursuant to the provisions of this or any other act, including transfer stations, incinerators, resource recovery facilities, sanitary landfill facilities or other plants for the disposal of solid waste and all vehicles, equipment and other real and personal property and rights thereon and appurtenances necessary or useful and convenient for the collection or disposal of solid waste in a sanitary manner.
However, it clearly fits within the definition of "solid waste facility" found in N.J.A.C. 7:26-1.4 which states, "`solid waste facility' means any system, site, equipment or building which is utilized for the storage, collection, processing, transfer, transportation, separation, recycling, recovering or disposal of solid waste but shall not include a recycling center." The regulations found in N.J.A.C. 7:26-1 et seq. are regulations promulgated by the DEP in order to carry out the policies regarding solid waste management found in N.J.S.A. 13:1E-1 et seq. N.J.S.A. 13:1E-9(a) gives these regulations the force and effect of law and makes them applicable to the DEP as well as to the County Health Department.
*269 "[T]he grant of authority to an administrative agency engaged in protecting the health and welfare of the public is to be liberally construed in order to enable the agency to accomplish its statutory responsibilities ..." In re Guardianship Services Regulations, 198 N.J. Super. 132 (App.Div. 1984). Consequently, I find that despite the conflicting definitions of "solid waste facility", the landfill in the instant case is of the nature contemplated by N.J.S.A. 13:1E-1 et seq. and as such is subject to the regulatory authority of the DEP and the County Health Department to "enter a solid waste facility at any time in order to determine compliance with ... the provisions of all applicable laws or rules and regulations adopted pursuant thereto." N.J.S.A. 13:1E-9(a).
For the foregoing reasons, defendants' Motion to Suppress Evidence is denied.