# 99 DTA 215

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL V DE PONCE Y AIBONITO**

EL PUEBLO DE PUERTO RICO
Recurrido

v.

SALVADOR OCASIO CARRERO
Peticionario

Núm. KLCE-99-00532

San Juan, Puerto Rico, a 30 de junio de 1999

Panel integrado por su Presidente, el Juez Negrón Soto
y los Jueces Negroni Cintrón y Segarra Olivero

Negrón Soto, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

Salvador Ocasio Carrero, en adelante el peticionario, nos solicita la revisión de la Resolución emitida el 12 de abril de 1999 por el Tribunal de Primera Instancia, Sala Superior de Ponce, mediante la cual se declaró sin lugar una moción de supresión de evidencia presentada por éste, a la que el Ministerio Público se había opuesto. Veamos los hechos pertinentes.

### I

El 2 de diciembre de 1997, el Agente Reinaldo Colón, en lo sucesivo Agente Colón, recibió una querella informándole que un individuo estaba vendiendo drogas en la extensión Wilson del Residencial Ponce de León en Ponce. Informó la misma al Sargento José D. Colón y se dirigió al lugar con el Agente Héctor L. Rivera. Al llegar al estacionamiento de la extensión Wilson escuchó que alquien gritó *"los agentes"* y vio al peticionario que venía caminando con dinero y la mano y una bolsa plástica transparente. El peticionario se acercó a un vehículo de motor marca Oldsmobile, color blanco, abrió la puerta y tiró el dinero con la bolsa dentro de éste. Sin haber cerrado la puerta el peticionario caminó hacia otra persona.

El Agente Colón se acercó al vehículo y pudo observar que en el asiento del pasajero se encontraba el dinero y tres balas en el interior de la bolsa plástica, antes mencionada. Además, vio entre el asiento del conductor y la consola un peine de balas y la parte del gatillo de un arma de fuego, color oscuro. Informó de

ello inmediatamente por el radio de policía y al acercarse otros agentes le indicó al Agente Héctor L. Rivera que pusiera bajo arresto al peticionario. Ocupó el arma que resultó ser una metralleta, marca Cobra, nueve milímetros, cargada con un peine de treinta y dos (32) balas y una en la cámara. Las balas dentro de la bolsa plástica eran del mismo tipo que las que tenía el peine.

## II

El peticionario presentó una moción de supresión de evidencia alegando que el registro fue irrazonable. El Ministerio Fiscal se opuso enfatizando que existían motivos fundados, ya que el arma estaba a plena vista. El Tribunal recurrido, en una detallada e ilustrada resolución, declaró no ha lugar la moción de supresión de evidencia y señaló la vista en su fondo del caso. Resolvió que el arresto se realizó de conformidad a lo dispuesto en la Regla 11(c) de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II. Determinó que el Agente Colón intervino con el peticionario luego de observar un arma de fuego a plena vista en el vehículo donde éste había lanzado el dinero y la bolsa plástica, estando su puerta abierta y mientras el peticionario dialogaba con otra persona.

Inconforme, el peticionario presentó este recurso de *certiorari*. Imputa al Foro de instancia que erró al denegar no ha lugar la moción de supresión de evidencia basándose en la doctrina de evidencia a plena vista expuesta en *Pueblo v. Dolce,* 105 D.P.R. 422 (1976). Examinemos el derecho aplicable.

## III

A. LA BASE CONSTITUCIONAL QUE PERMEA Y GARANTIZA EL DERECHO DE INTIMIDAD A LOS CIUDADANOS:

La Sección 10 del Artículo II de la Constitución del Estado Libre Asociado de Puerto Rico y la Cuarta Enmienda de la Constitución Federal protegen al ciudadano contra registros y allanamientos irrazonables de su persona, pertenencias y propiedad llevados a cabo por funcionarios del Estado. ■ Los valores centrales protegidos por dicha garantía constitucional son la intimidad del ser humano y su dignidad innata. *Pueblo v. Ríos,* 129 D.P.R. 71, 80 (1991). La protección constitucional de las citadas cláusulas cobija aquella propiedad sobre la cual la persona tenga una expectativa legítima y razonable de privacidad. *Pueblo v. Lebrón,* 108 D.P.R. 324, 331 (1979); *Pueblo v. Luzón,* 113 D.P.R. 315, 326 (1982); *Pueblo v. Muñoz Santiago,* 131 D.P.R. 965, 970, nota al calce núm. 3 (1992); *Katz v. U.S.,* 389 U.S. 387 (1967). Un registro prohibido por la Cuarta Enmienda ocurre cuando se viola una expectativa de intimidad considerada como razonable por la sociedad. *U. S. v. Jacobsen,* 466 U.S. 109, 113 (1984). En Puerto Rico, el derecho a la intimidad contemplado en la Carta de Derechos de la Constitución del E.L.A. goza de una *"factura más ancha"* que la tradicional y su protección es más amplia que la concebida en la Constitución Federal. *El Vocero de Puerto Rico v. E.L.A,* 131 D.P.R. 356 (1992); *Arroyo v. Rattan Specialties, Inc.* 117 D.P.R. 35.64 (1986); *Colón v. Romero Barceló,* 112 D.P.R. 573, 576 (1982); *Figueroa v. E.L.A.,* 107 D.P.R. 250 (1978); *E.L.A. v. Hermandad de Empleados,* 104 D.P.R. 436, 440 (1975).

B. LAS EXCEPCIONES QUE PERMITE EL REGISTRO Y ALLANAMIENTO SIN ORDEN EN PUERTO RICO:

La norma general en Puerto Rico es que conforme a la Sección 10 del Artículo II de nuestra Constitución todo registro, allanamiento o incautación que se realice sin orden judicial previa es irrazonable *per se. E.L.A. v. Coca Cola Bott. Co.,* 115 D.P.R. 197, 207 (1984). La misma aplica tanto a los registros administrativos como a los penales. Sin embargo, esta norma general tiene sus excepciones que permiten que un registro sin orden judicial sea válido y razonable, tales como: el registro consentido y el registro en circunstancias de emergencia, *E.L.A. v. Coca Cola Bott. Co., supra,* 208; *Pueblo v. Falú Martínez,* 116 D.P.R. 828 (1986); *Pueblo v. Narváez*

*Cruz*, 121 D.P.R. 429 (1988); el registro tipo de inventario, *Pueblo v*. Rodríguez, 128 D.P.R. 438 (1991); el registro incidental al arresto, *Pueblo v. Pacheco Báez*, 130 D.P.R. 664 (1992); el registro de una estructura abandonada, *Pueblo v. Erausquín Martínez*, 96 D.P.R. 1 (1968); y el registro como consecuencia de haberse realizado un acto ilegal a plena vista o cuando la evidencia ha sido lanzada o abandonada, *Pueblo v. Dolce*, 105 D.P.R. 422 (1976); *Pueblo v. Espinet Pagán*, 112 D.P.R. 531 (1982); *Pueblo v. Ortiz Martínez*, 116 D.P.R. 139 (1985); *Pueblo v. Lebrón, supra*; *Pueblo v. Ramos Santos*, 132 D.P.R. 363 (1992).

## C. LA APLICACION DE ESTAS DOCTRINAS AL CASO DE MARRAS:

La expectativa de privacidad, resultado directo del derecho de intimidad, se extiende a todo objeto que el individuo desee proteger u ocultar. Esta protección se puede reclamar aun en áreas sin expectativa de intimidad, que tengan accesibilidad para el público, siempre que el objeto no sea observado a plena vista y el mismo no sea adquirido a través de un registro legal y razonable. *Katz v. U.S., supra*, 351-352. Por otro lado, el Tribunal Supremo Federal expresó en *Hertz v. U.S.*, 265 U.S. 57, 58 (1924), que todo objeto abandonado carece de privacidad, ya que cualquier persona tiene libre acceso al mismo.

Como hemos visto, el registro sin orden se presume inválido. En el caso de marras, la intervención se efectuó sin la previa expedición de una orden de registro y allanamiento. Esta ocurrió cuando el Agente Colón se percató de la comisión de un delito grave en su presencia, a tenor con la Ley de Armas de Puerto Rico, 25 L. P.R.A. sec. 411 y ss. Por lo tanto, éste procedió a indicarle al Agente Héctor L. Rivera que pusiera bajo arresto al peticionario, conforme lo establecido en la Regla 11 de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II. Aunque el registro se efectuó sin la existencia previa de una orden judicial, el mismo surge como acto simultáneo al arresto. Por tanto, el registro se validó, ya que los hechos demuestran que el arresto era legal.

La Regla 11, *supra*, específicamente establece que todo arresto sin orden es efectivo en tres ocasiones: si el agente presenció el delito, si tiene motivo fundado para creer que la persona cometió un delito grave, aunque realmente no hubiese ocurrido, y si observó a la persona cometer el delito grave. Ello permite el arresto sin orden cuando el agente cree que se ha cometido un delito en su presencia. *Pueblo v. Alcalá Fernández*, 109 D. P.R. 326 (1980). Es imperativo recordar que el motivo fundado que se le exige al agente para poder arrestar sin orden es aquella información o conocimiento adquirido que lleven a una persona ordinaria y prudente a creer que la persona a ser detenida ha cometido o va a cometer un delito. Por ejemplo, existen motivos fundados para arrestar cuando una persona porta un arma de fuego a la vista de un policía. *Pueblo v. Colón Bernier*, **99 J.T.S. 64,** a la pág. 919 (1999); *Pueblo v. Serrano Cancel,* **99 J.T.S. 69,** a la pág. 949 (1999); *Pueblo v. Pacheco Báez, supra*. En el caso de autos, la metralleta estaba en un lugar visible donde el Agente Colón pudo observarla.

La doctrina de plena vista se utiliza mayormente en los registros y allanamientos sin orden judicial. Sin embargo, en el arresto sin orden bajo la Regla 11, *Ibid.*, la doctrina de plena vista es una de las dos posibles vertientes que validan el mismo. En el arresto, esta doctrina se utiliza cuando el agente presencia un delito. En ese caso se tiene que haber percatado de la comisión de un delito o de su aparente comisión para que el arresto se valide.

Cuando aplicamos la doctrina de plena vista al registro y allanamiento sin orden judicial, nos referimos a una simple observación de la existencia de material delictivo por parte del agente investigador. Esta observación no puede ser el producto de una búsqueda previa sino el encuentro inadvertido del material delictivo, *Pueblo v. Dolce, supra*. El profesor Chiesa, en su libro *Derecho Procesal Penal de Puerto Rico*, Vol. 1, Tercer Mundo Editores, Colombia, 1991, pág. 434, nos dice que:

"*la norma general -tanto bajo la Enmienda Cuarta como bajo la Constitución del E.L.A.- es que no hay protección constitucional contra la inspección de objetos que están a la plena vista de los agentes, siempre que la presencia de los agentes en el lugar esté independientemente justificada. Para ocupar o incautarse del objeto, la incautabilidad debe también surgir de la percepción del objeto y no de su registro.*

*La percepción del objeto implica que el mismo debe ser notable por una simple observación sin haberse efectuado su búsqueda. Ibid., pág. 436. Por ello, los registros y allanamientos de esta naturaleza pueden ser válidos cuando el objeto delictivo es observado a plena vista por el agente que los efectúa.*"

En *Pueblo v. Dolce, supra*, pág. 436, se establecieron cuatro criterios que se deben tomar en consideración para poder determinar si el objeto se hallaba a plena vista previo al registro, a saber: "*(l) El artículo debe haberse descubierto por estar a plena vista y no en el curso o por razón de un registro; (2) El agente que observe la prueba debe haber tenido derecho previo a estar en la posición desde la cual podía verse la prueba; (3) Debe descubrirse el objeto inadvertidamente; y (4) La naturaleza delictiva del objeto debe surgir de la simple observación.*" (Citas omitidas). Se entiende que la incautación de objetos sin orden de registro y allanamiento que han sido percibidos a plena vista deben haberse adquirido cumpliendo con estos cuatro requisitos. Véase nuestra Sentencia del 21 de octubre de 1996, emitida en el recurso Núm. KLCE-96-00746 de *Pueblo v. Vélez*.

## IV

En el caso de marras se cumplen con los antes citados criterios. Los hechos demuestran que en la intervención, el Agente Colón observó el objeto delictivo, previo a la incautación. Así, fue que éste descubrió el arma y las balas inadvertidamente, ya que no se demostró que la incautación de la evidencia fuese producto de un registro sin motivo fundado para efectuarse. La prueba no demostró que el Agente Colón hubiese registrado el vehículo previo a observar el objeto delictivo a plena vista o previo a su arresto. Véase, *Wyoming v. Houghton*, 119 S. Ct. 1297 (1999).

El segundo requisito establecido en *Pueblo v. Dolce, supra*, el cual exige que el agente tuviera derecho previo para poder encontrarse en el área y observar los sucesos, también se cumplió. El Agente Colón observó el arma de fuego de la misma manera que pudo haberla visto cualquier transeúnte que pasara por el lado del vehículo. No hay duda de que el agente tenía derecho de caminar por el lado del vehículo, el cual, de hecho, tenía la puerta abierta.

También se cumplió con los criterios tercero y cuarto, ya que los hechos claramente revelan que la evidencia se descubrió inadvertidamente y su carácter delictivo surgió de la simple observación del Agente Colón.

Ante la situación fáctica de este caso, es forzoso concluir que la policía estaba autorizada a efectuar un registro y allanamiento en el antes descrito vehículo sin orden, ya que tenía los motivos fundados sancionados por la doctrina de la prueba a plena vista para creer que se ha cometido un delito grave en su presencia. *Pueblo v. Malavé González*, 120 D.P.R. 470 (1988). Véase, *Wyoming v. Houghton, supra*, y *Pueblo v. Colón Bernier, supra*.

## V

Por los fundamentos antes expuestos se deniega la expedición del auto.

Aida Ileana Oquendo Graulau
Secretaria General

1. La Sección 10, Artículo II, de la Constitución de Puerto Rico dispone:

*"No se violará el derecho del pueblo a la protección de sus personas, casas, papeles y efectos contra registros, incautaciones y allanamientos irrazonables.*

*No se interceptará la comunicación telefónica.*

*Sólo se expedirán mandamientos autorizando registros, allanamientos o arrestos por autoridad judicial, y ello únicamente cuando exista causa probable apoyada en juramento o afirmación, describiendo particularmente el lugar a registrarse, y las personas a detenerse o las cosas a ocuparse.*

*Evidencia obtenida en violación de esta sección será inadmisible en los tribunales."*

La Cuarta Enmienda de la Constitución Federal dispone:

*"The right of the people to be secured in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."*