DECISION
Police officers used a confidential informant to make a controlled drug buy from defendant-appellant Derrick McGrady. Based on the information obtained during the controlled buy, officers obtained a search warrant for McGrady's apartment.
Before executing the warrant, officers, in camouflage clothing, hid in a wooded area behind the apartment and observed McGrady's premises to determine the best way to later execute the warrant,i.e., to determine whether there were other adults or children present and to get the "lay of the land," so to speak. Evidently, by sheer coincidence, and with the same degree of caution and foresight that earned him the sobriquet "defendant," McGrady went out the back door of his apartment and entered the same wooded area. It being dark out, McGrady did not notice the officers, one of whom was standing within ten feet of where McGrady was headed. The officers watched as McGrady removed a baggie of crack cocaine from under a large rock.
Later, the officers executed the search warrant and discovered marijuana and drug paraphernalia in the apartment. They also recovered approximately ten grams of crack cocaine from under the rock in the wooded area.
McGrady was charged with possession of cocaine in violation of R.C. 2925.11(A). This charge was based on the crack cocaine found under the rock in the wooded area. After the trial court denied a motion to suppress, McGrady pleaded no contest to the charge. The trial court found McGrady guilty, and McGrady now appeals.
In his sole assignment of error, McGrady asserts that the guilty finding was against the manifest weight of the evidence. But McGrady's two arguments under his assignment involve the motion to suppress, so we treat the assignment as an assertion that the trial court erred in denying that motion.
First, McGrady argues that the seizure of the cocaine from under the rock was improper because the police did not have a warrant to be in the wooded area. We reject this argument, because a warrant was not necessary. One does not have a legitimate expectation of privacy in open fields beyond the curtilage of a home. Curtilage is the area immediately surrounding a dwelling.[1] Here, the building that McGrady lived in had eighteen apartments. There is no evidence that the wooded area was designated for McGrady's sole use. There is also no evidence that the area had any sort of fencing or enclosure, or that it was regularly used by any of the tenants. Under these circumstances, the area was not part of the curtilage of McGrady's home. There is no reason to conclude that McGrady had a legitimate expectation of privacy in the area, and, thus, the area was not protected by the Fourth Amendment.
Second, McGrady argues that the search warrant for his apartment was defective. McGrady points out that the judge's signature on the warrant was illegible and that, at the suppression hearing, no officer could identify the signature. But McGrady's argument is irrelevant, because the cocaine that was the subject of the case was discovered in the wooded area, not in the apartment. As we have already explained, a warrant for the wooded area was not necessary in the first place.
McGrady's assignment is overruled. We affirm the trial court's judgment.
Judgment affirmed.
 ___________________________ PAINTER, JUDGE
 HILDEBRANDT, P.J., and DOAN, J., concur.
[1] See Oliver v. United States (1984), 466 U.S. 170,104 S.Ct. 1735; United States v. Dunn (1987), 480 U.S. 294, 107 S.Ct. 1134;Hester v. United States (1924), 265 U.S. 57, 44 S.Ct. 445.