IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 8, 2007**

Charles R. Fulbruge III
Clerk

No. 06-50624
No. 06-50635

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

GREGORY PEREZ

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
No. 7:05-CR-0224
No. 7:05-CR-0094

Before JOLLY, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

In 2005, Gregory Perez was charged in the Western District of Texas with one count of possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). At the time, Perez was on supervised release for a 1999 conviction in the Eastern District of Kentucky for possession with intent to distribute marijuana. This supervision was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

transferred to the Western District of Texas, and the Government moved to revoke Perez's supervised release based on a search of Perez's property in Texas that resulted in the discovery of cocaine and other evidence. In both cases, Perez filed an identical motion to suppress the evidence seized during the search. The district court denied the motion to suppress in both cases, and the drug trafficking charge proceeded to trial. The jury found Perez guilty, and Perez was sentenced to 120 months of imprisonment and eight years of supervised release. The district court also found that Perez had violated the terms of his supervised release and sentenced Perez to 18 months imprisonment to run consecutively to the 120-month sentence.

Perez now appeals the district court's denial of his motions to suppress, the sufficiency of the evidence to support his conviction, and the revocation of his supervised release. We affirm the district court's denial of the suppression motions, Perez's conviction, and the revocation of his supervised release.

I

Perez appeals the denial of his motions to suppress on two grounds: (1) the good-faith exception to the warrant requirement does not apply because, he contends, the affidavit underlying the search warrant was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable, and (2) the search exceeded the scope of the warrant. We assume without deciding that the search was illegal and perform a harmless error analysis. The test for harmless error is whether the constitutional error "was harmless beyond a reasonable doubt."[1]

---

[1] Chapman v. California, 386 U.S. 18, 24 (1967); see also Fahy v. Connecticut, 375 U.S. 85, 86-87 (1963) ("The question is whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction. To decide this question, it is necessary to review the facts of the case and the evidence adduced at trial.").

The only evidence Perez sought to suppress was binoculars and letters addressed to Perez, which were found in Perez's residence, and cellophane, which was found in a shed behind the residence. The officers also found 680.28 grams of cocaine and a digital scale in the "open field" adjacent to Perez's property, and a bottle of Inositol (a legal substance used as a cutting agent to add weight to cocaine) in a field on Perez's property. Perez did not seek to suppress these items.[2] Considerable other evidence linking Perez to the cocaine was presented to the jury. Admitting the binoculars, letters, and cellophane into evidence was harmless error in light of the entire record.

## II

Perez contends that there is insufficient evidence to support his conviction. Where, as here, a defendant makes a timely motion for acquittal, this court will uphold a jury's verdict if a reasonable trier of fact could conclude from the evidence that the elements of the offense were established beyond a reasonable doubt.[3] After a complete review of the evidence in the light most favorable to the jury's verdict, we conclude that there was sufficient evidence to support Perez's conviction.

## III

Perez contends that the evidence was insufficient to support the revocation of his supervised release. We review a district court's decision to revoke a defendant's supervised release for abuse of discretion.[4] If a district court finds by a preponderance of the evidence that a defendant has violated a condition of

---

[2] See Hester v. United States, 265 U.S. 57, 59 (1924) ("[T]he special protection accorded by the Fourth Amendment to the people in their 'persons, houses, papers and effects,' is not extended to the open fields."); Oliver v. United States, 466 U.S. 170, 178 (1984) (reaffirming the "open fields" doctrine enunciated in Hester).

[3] United States v. Delgado, 256 F.3d 264, 273-74 (5th Cir. 2001).

[4] United States v. McCormick, 54 F.3d 214, 219 (5th Cir. 1995).

his supervised release, then the court has the discretion to revoke the previous sentence and impose a term of imprisonment.[5] The district court did not abuse its discretion in revoking Perez's supervised release because the evidence is sufficient to support the finding that Perez possessed cocaine in violation of his supervised release.

AFFIRMED.

---

[5] Id.; 18 U.S.C. § 3583(e)(3).