[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 12, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15693
Non-Argument Calendar

_____

D. C. Docket No. 04-00044-CR-WCO-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JERRY CLARK NICHOLS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(September 12, 2007)**

Before TJOFLAT, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

Jerry Nichols appeals his conviction after pleading guilty to manufacturing

marijuana in an amount involving at least 100 plants, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(vii), and 851. On the morning of August 26, 2004, a pilot for the Georgia State Patrol flying over Dawson County noticed a marijuana plant growing in a dirt spot on Nichols's property. As the pilot banked his helicopter to turn around and confirm his sighting, he observed additional plants. The pilot circled the property and watched a car leave the premises, return a few minutes later, and then leave again. The pilot radioed for another helicopter to support him, then followed the car and was successful in persuading the driver to return to Nichols's property. When the pilot returned, he saw an individual get out of a truck and commence destroying the marijuana plants with a backhoe tractor. The pilot landed his helicopter so that a police observer on board could apprehend the operator of the tractor, who was later identified as Nichols.

In the district court, Nichols filed a motion to suppress the evidence based on a theory that the pilot flew the helicopter in such an intrusive manner that it violated Nichols's Fourth Amendment rights. The magistrate judge found that the pilot had not flown in a manner that invaded Nichols's right to privacy and denied his motion. After holding an additional hearing, the district court denied Nichols's motion, but on another ground. The district court ruled that the manner in which the pilot flew was irrelevant because Nichols had no reasonable expectation of

2

privacy in the area where the first marijuana plant was found because it was located in the "open fields."

On appeal, Nichols primarily focuses on reasoning in the magistrate's report and recommendation to argue that the district court erred by denying his motion to suppress the marijuana. He also argues that the district court erred by quashing a subpoena issued to a newspaper reporter who published an article in a local newspaper about Nichols's arrest.

A district court's denial of a defendant's motion to suppress is a mixed question of law and fact. United States v. Ramirez-Chilel, 289 F.3d 744, 748-49 (11th Cir. 2002). The district court's factual findings are adopted as true unless they are clearly erroneous; however, we review de novo the district court's application of the law to the facts. Id. at 749. We defer to determinations of the fact finder "unless his understanding of the facts appears to be 'unbelievable.'" Id.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend IV. The Fourth Amendment extends only to places where "the defendant can claim a 'reasonable expectation of privacy.'" United States v. Berrong, 712 F.2d 1370, 1373 (11th Cir. 1983) (quoting Katz v. United States, 389 U.S. 347, 350, 88 S.Ct. 507, 510, 19 L.Ed.2d 576 (1967)). An

3

individual's expectation of privacy does not "extend[ ] to the open fields." United States v. Hester, 265 U.S. 57, 59, 44 S.Ct. 445, 446, 68 L.Ed.2d 898 (1924). The Supreme Court has explained that "the term 'open fields' may include any unoccupied or undeveloped area outside the curtilage," and "need be neither 'open' nor a 'field' as those terms are used in common speech." United States v. Dunn, 480 U.S. 294, 304, 107 S.Ct. 1134, 1141, 94 L.Ed.2d 326 (1987).

On the other hand, the curtilage, "the private property immediately adjacent to the home," is included in the area protected from unreasonable search and seizure. United States v. Taylor, 458 F.3d 1201, 1206 (11th Cir. 2006). This protected area serves as an extension of "the intimate activity associated with the 'sanctity of a man's home and the privacies of life.'" Id. (quoting Dunn, 480 U.S. at 300, 107 S.Ct. 1139). The curtilage is limited "to that property that the individual should reasonably expect to be treated as the home itself." Id. We have explained that "the distinction between the open fields and the curtilage of the home is not talismanic, [but] that distinction does reflect what expectations of privacy were reasonable." Berrong, 712 F.2d at 1374. The bounds of the curtilage around the home is a question of fact. Id.

To determine whether a portion of the property can be subject to the "'umbrella' of Fourth Amendment protection," Dunn, 480 U.S. at 301, 107 S.Ct.

4

1140, we examine: "(1) the proximity of the area claimed to be curtilage to the home; (2) the nature of the uses to which the area is put; (3) whether the area is included within an enclosure surrounding the home; and, (4) the steps the resident takes to protect the area from observation." Taylor, 458 F.3d at 1206 (citing Dunn, 480 U.S. at 301, 107 S.Ct. 1139). "[F]or most homes, the boundaries of the curtilage will be clearly marked." Dunn, 480 U.S. at 302, 107 S.Ct. 1140. However, "[a] perimeter fence around property does not create a constitutionally protected interest in all the open fields on the property." Taylor, 458 F.3d at 1208. Even within a perimeter fence, "[a]n area that is substantially removed from and separated by other structures from the house is not within its curtilage." Id. at 1207. Where a property consists of multiple structures, the external bounds of the curtilage is "the outer walls of the extreme outbuildings of the curtilage" that "mak[e] up the farm home." Berrong, 712 F.2d at 1374 (internal quotations omitted). Only structures that "constitut[e] an integral part" of "the immediate domestic establishment of the home" are included within "the farm home." Id. (internal quotations omitted). An area is more likely to be considered within the curtilage of the home if used "for intimate activities of the home." Taylor, 458 F.3d at 1207.

The district court did not clearly err when it concluded that the curtilage

5

ended short of the first marijuana plant that the pilot observed as he flew across the property. Nichols owned a parcel of land exceeding twelve rural acres that contained his residence, a workout room, a garage, a large chicken house, hundreds of chicken tepees, a dry creek bed, broken down automobiles, and a mobile home, all of which were surrounded by a perimeter fence. There was no interior fencing within the perimeter separating the residence from where the chickens were allowed to roam freely and the vegetation to grow naturally.

Although no enclosure clearly delineated the curtilage of the home, Nichols cannot be deemed to have a reasonable expectation of privacy throughout the entire twelve acres. See Taylor, 458 F.3d at 1208 (holding that defendant "did not have a reasonable privacy interest in the entire five acres of the property"). The dirt spot where the pilot first observed marijuana was located more than four hundred feet from the residence and "significantly" more than thirty feet beyond the large chicken house that represented the outermost point of the curtilage. The dirt spot was separated from both the residence and the chicken house by overgrown brush and broken-down machinery. See United States v. Hatch, 931 F.2d 1478, 1481 (11th Cir. 1991) (holding that the area was outside the curtilage because it was thirty yards from the house and separated from the house by a barn, tack room, taxidermy building and some stock pens). Nichols did not use the area for any

6

purpose that could be considered "an intimate activity of the home," and had made no effort to shield it from aerial surveillance. Accordingly, the district court did not clearly err by finding that the marijuana plant initially discovered by the pilot was in the open fields of Nichols's property.

Nichols had no protected right to privacy in the area where the first marijuana plant was located. Hester, 265 U.S. at 59, 44 S.Ct. 446. Once the pilot confirmed that he had seen a marijuana plant in the "open fields" of Nichols' property, law enforcement had probable cause to obtain a search warrant. That the pilot observed additional plants as he slowed, descended, and circled the property to confirm what he saw does not taint the initial discovery. See Dunn, 480 U.S. at 304, 107 S.Ct. 1141 (holding that officers did not violate the Fourth Amendment by standing in "open fields" to observe illegal activity located inside a barn). The pilot was justified in landing the helicopter to prevent Nichols from destroying the marijuana with a backhoe. See United States v. Santa, 236 F.3d 662, 668-69 (11th Cir. 2000) (discussing exigent circumstances exception to the Fourth Amendment where defendant may destroy evidence of a crime). Thus, the district court did not err by denying Nichols's motion to suppress the marijuana plants.

Additionally, Nichols argues that the district court erroneously quashed a subpoena issued to a newspaper reporter that had written about his case. We have

7

"consistently enforced knowing and voluntary appeal waivers according to their terms," as long as the "defendant enters into it knowingly and voluntarily." United States v. Bascomb, 451 F.3d 1292, 1294 (11th Cir. 2006). Nichols does not argue that his plea was involuntary and there is no support in the record for such a conclusion. Therefore, we will enforce the plea agreement in accordance with its terms. The plea agreement contained a provision waiving his right to appeal on any grounds except the district court's decision denying his motion to suppress the physical evidence. Although the motion to quash was raised during the suppression hearing, the district court's decision to quash is distinct from its ruling on the motion to suppress. Thus, we are precluded from considering this issue on appeal. See United States v. Colin, 314 F.3d 439, 447 (9th Cir. 2002) (holding that the provision waiving appeal except for the court's ruling on the motion to suppress foreclosed Court of Appeals from reviewing district court's denial of defendant's application for subpoena duces tecum).

Accordingly, Nichols's conviction is,

**AFFIRMED.**[1]

---

[1] Nichols's request for oral argument is denied.