COLLOTON, Circuit Judge,
concurring.
I join the opinion of the court and add this observation about the dissenting opinion’s reliance on United States v. Pennington, 287 F.3d 739, 745 (8th Cir.2002). The dissent cites Pennington to establish that a warrantless search of a “man-made enclosure” found in an open field is “prohibited.” The dissent then reasons that Pennington ’.s analysis of the Fourth Amendment as applied to a man-made enclosure should also apply to a tote in an open field.
The dissent accurately characterizes Pennington, but Pennington based its dicta on a misreading of United States v. Dunn, 480 U.S. 294, 107 S.Ct. 1134, 94 L.Ed.2d 326 (1987), which involved the observation of items located in a barn in an open field. Dunn did not resolve that a property owner has a reasonable expectation of privacy in a man-made enclosure located in an open field. Dunn said merely that “[w]e may accept, for the sake of argument, respondent’s submission that his barn enjoyed Fourth Amendment protection and could not be entered and its contents seized without a warrant.” 480 U.S. at 303, 107 S.Ct. 1134 (emphasis added). The Court, again referring to the barn, said that its conclusion was unaffected by “the fact that the objects observed by the officers lay within an area that we have assumed, but not decided, was protected by the Fourth Amendment.” Id. at 304, 107 S.Ct. 1134 (emphasis added). The Court simply did not decide whether a barn in an open field is protected by the Fourth Amendment. See also Cady v. Dombrowski, 413 U.S. 433, 449-50, 93 S.Ct. 2523, 37 L.Ed.2d 706 (1973) (“We ... need not reach the question ... whether a search'of the back seat of this car, located as it was in an open field, required a search warrant at all.”).
To reason that a tote in an open field is protected by the Fourth Amendment because a man-made enclosure is protected, one must first address whether a man-made enclosure is protected. That question is not without difficulty. The Fourth Amendment protects the right of the people to be secure in their “persons, houses, papers, and effects,” and the Supreme Court has taken a textual approach when considering application of the Amendment to open fields. See Oliver v. United States, 466 U.S. 170, 176-77 & n. 6, 104 S.Ct. 1735, 80 L.Ed.2d 214 (1984); Hester v. United States, 265 U.S. 57, 59, 44 S.Ct. 445, 68 L.Ed. 898 (1924). At common law, “no distant barn, warehouse, or the like” was “under the same privileges” as a private house. See 4 William Blackstone, *918 Commentaries *225 (cited in Hester, 265 U.S. at 59, 44 S.Ct. 445). If a man-made enclosure such as a barn is therefore not a “house,” and if it is not an “effect” (because “[t]he Framers would have understood the term ‘effects’ to be limited to personal, rather than real, property,” Oliver, 466 U.S. at 177 n. 7, 104 S.Ct. 1735), then it would take some work to address whether the Fourth Amendment nonetheless applies to the search of a barn in an open field. Compare, e.g., People v. Pitman, 211 Ill.2d 502, 286 Ill.Dec. 36, 813 N.E.2d 93, 105-07 (2004) with id. 286, Ill.Dec. 36, 813 N.E.2d at 110-14 (Thomas, J., dissenting); cf. See v. City of Seattle, 387 U.S. 541, 543, 87 S.Ct. 1737, 18 L.Ed.2d 943 (1967) (applying the Fourth Amendment to commercial premises); Thomas Y. Davies, Recovering the Original Fourth Amendment, 98 Mich. L.Rev. 547, 711 (1999) (concluding that the textual formulation “implied that ‘houses’ were the only type of premises protected by the right to be secure”). It is not sufficient to construe an analytical assumption from Dunn as a rale of law.
In the end, whether or not a barn or other man-made enclosure in an open field is protected by the Fourth Amendment is not dispositive in this case. The trash bags and tote may be among Castleman’s “effects,” but where and how personal property is maintained bears on the extent to which the Fourth Amendment protects the owner. See Katz v. United States, 389 U.S. 347, 361, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967) (Harlan, J., concurring) (“ ‘[T]he Fourth Amendment protects people not places.’ The question, however, is what protection it affords to those people. Generally, as here, the answer to that question requires reference to a ‘place.’ ”); cf. United States v. Thomas, 864 F.2d 843, 845 (D.C.Cir.1989) (“[I]t is possible for a person to retain a property interest in an item, but nonetheless to relinquish his or her reasonable expectation of privacy in the object.”). For reasons given in the opinion of the court, I agree that the search of trash bags and a tote in an open field did not violate the Fourth Amendment under the circumstances presented here.