WOLLMAN, Circuit Judge,
dissenting.
With all due respect, I disagree with the majority opinion’s conclusion that Johnson was seized within the meaning of the Fourth Amendment when Officer Wilson crudely ordered him and his companion Brown to get back to the sidewalk, parked his vehicle in such a manner as to block their direct line of travel, and then engaged in an armed conflict with Brown.
Because Johnson himself was neither physically restrained nor prevented from proceeding to the sidewalk in compliance with the officer’s command rather than fleeing as he did, I believe that the question before us is alike to that presented in California v. Hodari D., 499 U.S. 621, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991), and that our answer should be the same.
The narrow question before us is whether, with respect to a show of authority as with respect to application of physical *879 force, a seizure occurs even though the subject does not yield. We hold that it does not.
Id. at 626, 111 S.Ct. 1547. Likewise, as the Court wrote in Brendlin v. California, 551 U.S. 249, 254, 127 S.Ct. 2400, 168 L.Ed.2d 132 (2007), “[Tjhere is no seizure without actual submission.”
An unconstitutional seizure in the circumstances presented by this ease occurs only upon the intentional acquisition of physical control terminating freedom of movement through means intentionally applied. Brower v. City of Inyo, 489 U.S. 693, 596-97, 109 S.Ct. 1378, 103 L.Ed.2d 628 (1989). Such a termination occurred in Brower as a result of Brower’s fatal impact with the police-established roadblock, just as it did in Garner, in which Garner’s flight was terminated by the officer’s bullet. Tennessee v. Garner, 471 U.S. 1, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985).
Here, however, Johnson’s status during his flight from Officer Wilson was like that of the moonshine-carrying defendant’s during the course of his flight in Hester v. United States, 265 U.S. 57, 58, 44 S.Ct. 445, 68 L.Ed. 898 (1924). See Hodari D., 499 U.S. at 629, 111 S.Ct. 1547; Brower, 489 U.S. at 597-98, 109 S.Ct. 1378.
I would reverse the district court’s judgment and remand with directions to dismiss the complaint.